# 12-4121-cr

## United States Court of Appeals

*for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

RONALD EVANS,

*Defendant-Appellant,*

– and –

TASHINE KNIGHTNER,

*Defendant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## APPENDIX

LAW OFFICE OF ROBERT N. CONVISSAR
*Attorney for Defendant-Appellant*
112 Franklin Street
Buffalo, New York 14202
(716) 856-1969

JOSEPH J. KARASZEWSKI, ESQ.
UNITED STATES ATTORNEY'S OFFICE,
  WESTERN DISTRICT OF NEW YORK
*Attorney for Appellee*
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700

i

## TABLE OF CONTENTS

**Page**

District Court Docket Entries ..................................... A-1

Indictment, dated November 19, 2009...................... A-13

Order Denying Motion to Suppress as to Ronald
    Evans, dated October 26, 2010 ............................. A-20

Order as to Ronald Evans Affirming Magistrate
    Judge Schroeder's Decision and Order Denying
    Severance of Counts, dated October 26, 2010....... A-22

Pretrial Order as to Ronald Evans Setting Trial
    Date, dated July 20, 2011....................................... A-24

Plea Agreement as to Ronald Evans, dated
    July 26, 2011 ........................................................... A-30

Transcript of Plea Proceedings held on
    July 26, 2011 ........................................................... A-41

Notice of Motion, by Kimberly A. Schechter, to
    Withdraw as Attorney, dated October 27, 2011 ..... A-71

Affirmation of Kimberly A. Schechter, to Withdraw
    as Counsel, dated October 27, 2011...................... A-72

Notice of Motion, by Ronald Evans, to Withdraw
    Plea of Guilty, dated March 15, 2012 ................... A-75

Affidavit of Ronald Evans, to Withdraw Plea of
    Guilty, sworn to March 15, 2012 .......................... A-76

Government's Response, in Opposition to Ronald
    Evans' Motion to Withdraw Plea of Guilty, dated
    March 30, 2012 ...................................................... A-81

ii

**Page**

Affidavit of Kimberly A. Schechter, in Response to
    Motion to Withdraw Plea of Guilty by Ronald
    Evans, sworn to May 2, 2012 ............................... A-94

Affidavit of Marianne Mariano, in Response to
    Motion to Withdraw Plea of Guilty by Ronald
    Evans, sworn to May 2, 2012 ............................... A-103

Decision and Order as to Ronald E. Evans Denying
    Motion to Withdraw Plea of Guilty, dated
    May 18, 2012 ........................................................ A-107

Statement, with Respect to Sentencing Factors by
    USA, dated June 13, 2012 .................................... A-116

Statement, with Respect to Sentencing Factors by
    Ronald Evans, dated July 5, 2012........................ A-120

Transcript of Sentencing Proceedings held on
    September 10, 2012 .............................................. A-123

Judgment as to Ronald Evans, filed
    September 25, 2012 .............................................. A-137

Notice of Appeal, by Ronald Evans, filed
    September 9, 2012 ................................................ A-143

APPEAL,CASREF,CLOSED_2012,VictimNotify

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:09−cr−00376−RJA−HKS−1

Case title: USA v. Evans et al
Magistrate judge case number:  1:09−mj−00151−HKS

Date Filed: 11/19/2009
Date Terminated: 09/25/2012

Assigned to: Hon. Richard J.
Arcara
Referred to: Hon. H. Kenneth
Schroeder, Jr

**Defendant (1)**

| | | |
|---|---|---|
| **Ronald Evans**<br>*TERMINATED: 09/25/2012* | represented by | **Robert N. Convissar**<br>112 Franklin Street<br>Buffalo, NY 14202<br>716−856−1969<br>Email: convissarlaw@verizon.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: CJA Appointment |
| | | **Kimberly A. Schechter**<br>Federal Public Defender Office<br>300 Pearl Street<br>Suite 200<br>Buffalo, NY 14202<br>(716) 551−3341<br>Fax: 716−551−3346<br>Email: Kimberly_Schechter@fd.org<br>*TERMINATED: 11/07/2011*<br>Designation: Public Defender Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:922G.F and 924(e)<br>UNLAWFUL TRANSPORT OF<br>FIREARMS, ETC.<br>(6) | Deft is committed to the custody of the Bureau of<br>Prisons for a term of 180 months; the cost of<br>incarceration fee is waived. Upon release from<br>imprisonment, Deft shall be placed on supervised<br>release for a term of 4 years with standard and<br>special conditions. No fine. Deft to forfeit the<br>property specifically set forth in Section VII of the<br>Plea Agreement and incorporated herein. Deft to pay<br>$100.00 mandatory assessment, due immediately.<br>Deft is remanded. The Court recommends that Deft<br>be designated to the Butner, North Carolina facility.<br>The Court grants the Govt's oral motion to dismiss<br>Counts 1 through 5, and 7 of the Indictment as to this<br>Deft. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|

18:471.F and 2 UTTERS
COUNTERFEIT OBLIGATIONS
(1)

18:472.F and 2 PASSES
COUNTERFEIT OBLIGATIONS
OR SECURITIES
(2)

18:472.F and 2PASSES
COUNTERFEIT OBLIGATIONS
OR SECURITIES
(3)

18:472.F and 2 PASSES
COUNTERFEIT OBLIGATIONS
OR SECURITIES
(4)

18:371.F CONSPIRACY TO
DEFRAUD THE UNITED
STATES
(5)

18:924D.F, 3665 and 28:2461(c)
SEIZURE, FORFEITURE AND
DISPOSITION OF FIREARM
(7)

**Highest Offense Level
(Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| 18:471.F Utters Counterfeit Obligations, 18:472.F Passes Counterfeit Obligations or Securities, 18:922G.F Unlawful Transfer of Firearms, Etc | |

**Plaintiff**

**USA**                              represented by    **Aaron J. Mango**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716−843−5882
Fax: 716−551−3146
Email: aaron.mango@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Maura O'Donnell**
U.S. Attorney's Office
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716−843−5816
Fax: 716−551−3146
Email: maura.o'donnell2@usdoj.gov
*ATTORNEY TO BE NOTICED*

Case: 1:09-cr-376-1   As of: 03/13/2013 05:05 PM EDT   3 of 12

| Date Filed | # | Docket Text |
|---|---|---|
| 09/01/2009 | 1 | COMPLAINT as to Ronald Evans (1). (JDK) [1:09−mj−00151−HKS] (Entered: 09/02/2009) |
| 09/01/2009 | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder, Jr:Initial Appearance as to Ronald Evans held on 9/1/2009, Court advised defendant of charges and entered plea of guilty on defendants behalf. Defendant requested assigned counsel. Defendant sworn questioned and found eligible. AFPD Kimberly Schechter assigned. Government moved for detetion. Detention Hearing set for 9/3/2009 02:45 PM before H. Kenneth Schroeder Jr. Defendant remanded. Time excluded. Appearances; AUSA Aaron Mango, AFPD Kimberly Schechter, with defendant and USPO Janelle Sierk (Court Reporter FTR Gold.)(JDK) [1:09−mj−00151−HKS] (Entered: 09/02/2009) |
| 09/01/2009 | 2 | CJA 23 Financial Affidavit by Ronald Evans. (JDK) [1:09−mj−00151−HKS] (Entered: 09/02/2009) |
| 09/03/2009 | 3 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans. Time excluded from 9/1/09 until 9/3/09. Signed by Hon. H. Kenneth Schroeder, Jr on 9/3/09.(LMG) [1:09−mj−00151−HKS] (Entered: 09/03/2009) |
| 09/03/2009 | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder, Jr: Detention Hearing as to Ronald Evans held on 9/3/2009. Court granted government's motion, ordered defendant detained and remanded him to the custody of the U.S. Marshals Service. Court issued conditional order of dismissal without prejudice pursuant to Rule 48(b) to become effective 11/30/2009. Time Excluded as to Ronald Evans from 9/3/2009 to 11/30/2009 for purposes of the STA, Rule 5.1 of the Fed. R. Crim. P. and pursuant to Title 18 USC 3161(h)(7)(A) and (h)(7)(B)(iv). Appearances by AUSA Aaron Mango; AFPD Kimberly Schechter with defendant; USPO Zenaida Piotrowicz. (Court Reporter FTR Gold.)(LMG) [1:09−mj−00151−HKS] (Entered: 09/04/2009) |
| 09/08/2009 | 4 | ORDER OF DETENTION as to Ronald Evans. Signed by Hon. H. Kenneth Schroeder, Jr on 9/8/09. Copy sent to U.S. Pretrial Services and U.S. Marshals Service. (LMG) [1:09−mj−00151−HKS] (Entered: 09/08/2009) |
| 09/09/2009 | 5 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans. Time excluded from 9/3/09 until 11/30/09. Signed by Hon. H. Kenneth Schroeder, Jr on 9/9/09.(LMG) [1:09−mj−00151−HKS] (Entered: 09/09/2009) |
| 11/19/2009 | 7 | INDICTMENT as to Ronald Evans (1) count(s) 1, 2, 3, 4, 5, 6, 7, Tashine Knightner (2) count(s) 1, 2, 3, 4, 5. (DZ) (Entered: 11/20/2009) |
| 11/19/2009 | 9 | TEXT ORDER OF REFERRAL Hon. H. Kenneth Schroeder, Jr, United States Magistrate Judge, is hereby designated to act in this case as follows:All pre−trial matters in this case are referred to the above−named United States Magistrate Judge, including all pre−trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B).All procedural aspects of matters properly before the Magistrate Judge under this Order, including scheduling and the filing of briefs or other supporting material, shall be determined by the Magistrate Judge. All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. IT IS SO ORDERED.. Signed by Hon. Richard J. Arcara on 11/19/09.(DZ) (Entered: 12/30/2009) |
| 11/20/2009 | | Arraignment as to Ronald Evans and Tashine Knightner set for 11/30/2009 02:15 PM before Hon. H. Kenneth Schroeder Jr. (EAK) (Entered: 11/20/2009) |
| 11/30/2009 | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder, Jr: Arraignment as to Ronald Evans (1) Count 1,2,3,4,5,6,7 and Tashine Knightner (2) Count 1,2,3,4,5 held on 11/30/2009. Each defendant waived reading of indictment and entered plea of not guilty. Court allowed defendant Knightner to remain on bail subject to terms and conditions of release previously imposed. Court remanded defendant Evans to the custody of the U.S. Marshals Service and reserved his right to apply for bail in the future based on changed circumstances. Scheduling Order to |


| | | |
|---|---|---|
| | | be issued. Time Excluded as to Ronald Evans, Tashine Knightner from 11/30/2009 to 1/22/2010 pursuant to Title 18 USC 3161(h)(7)(A) and (h)(7)(B)(iv). Appearances by AUSA Aaron Mango; AFPD Kimberly Schechter with defendant Ronald Evans; Frank Housh with defendant Tashine Knightner. (Court Reporter FTR Gold.)(LMG) (Entered: 11/30/2009) |
| 11/30/2009 | | Evidentiary/Suppression Hearing as to Ronald Evans, Tashine Knightner set for 2/23/2010 at 10:30 AM before Hon. H. Kenneth Schroeder Jr.. (JDK) (Entered: 11/30/2009) |
| 11/30/2009 | 8 | SCHEDULING ORDER as to Ronald Evans, Tashine Knightner. Signed by Hon. H. Kenneth Schroeder, Jr. on 11/30/09.(LMG) (Entered: 12/02/2009) |
| 01/22/2010 | 10 | MOTION to Suppress, MOTION Suppression hearing as to statements, severance of counts, and other forms of relief by Ronald Evans. (Attachments: # 1 Defendant's Exhibits A − E)(Schechter, Kimberly) (Entered: 01/22/2010) |
| 02/05/2010 | 11 | RESPONSE in Opposition by USA as to Ronald Evans, Tashine Knightner re 10 MOTION to Suppress MOTION Suppression hearing as to statements, severance of counts, and other forms of relief *GOVT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS AND SEVER* (Attachments: # 1 Exhibit A)(Mango, Aaron) (Entered: 02/05/2010) |
| 02/23/2010 | | Minute Entry for proceedings held before Hon. H. Kenneth Schroeder, Jr: Evidentiary Hearing and Argument on Motion for Severance held on 2/23/2010. Simultaneous post−hearing memoranda to be filed no later than 3/26/2010. Defendant Evans remanded to the custody of the U.S. Marshals Service. Appearances by AUSA Aaron Mango; AFPD Kimberly Schechter with defendant Ronald Evans; Frank Housh with defendant Tashine Knightner; Court Reporter: Jack W. Hunt &Associates (Lynn M. Myers). (LMG) (Entered: 02/23/2010) |
| 03/08/2010 | 12 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Ronald Evans, Tashine Knightner held on 2/23/10 before Judge H. Kenneth Schroeder, Jr. Court Reporter/Transcriber Lynn M. Myers, Jack W. Hunt &Associated, Inc., Telephone number (716) 853−5600. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/29/2010. Redacted Transcript Deadline set for 4/8/2010. Release of Transcript Restriction set for 6/7/2010. (DZ) (Entered: 03/08/2010) |
| 03/24/2010 | 13 | MOTION to Adjourn due date for filing of post−hearing briefs. by Ronald Evans. (Schechter, Kimberly) (Entered: 03/24/2010) |
| 03/26/2010 | 14 | TEXT ORDER granting 13 Motion to Adjourn Filing of Post−Hearing Briefs as to Ronald Evans (1). Simultaneous post−hearing briefs shall be filed no later than 4/9/2010. SO ORDERED. Issued by the Hon. H. Kenneth Schroeder, Jr. on 3/26/10.(LMG) (Entered: 03/26/2010) |
| 04/09/2010 | 15 | MEMORANDUM IN OPPOSITION re 10 MOTION to Suppress MOTION Suppression hearing as to statements, severance of counts, and other forms of relief *(Government's Post−Hearing Memorandum in Opposition to Defendant's Motion to Suppress)* by USA as to Ronald Evans, Tashine Knightner (Mango, Aaron) (Entered: 04/09/2010) |
| 04/09/2010 | 16 | MEMORANDUM/BRIEF by Ronald Evans (Schechter, Kimberly) (Entered: 04/09/2010) |
| 05/06/2010 | 17 | REPORT AND RECOMMENDATIONS as to Ronald Evans re 10 MOTION to Suppress. Objections due fourteen days from receipt. Signed by Hon. H. Kenneth Schroeder, Jr. on May 6, 2010. (APG) (Entered: 05/06/2010) |
| 05/10/2010 | 18 | DECISION AND ORDER denying 10 Motion to Sever as to Ronald Evans (1). Signed by Hon. H. Kenneth Schroeder, Jr. on May 7, 2010. (APG) (Entered: 05/10/2010) |
| 05/21/2010 | 19 | OBJECTION TO REPORT AND RECOMMENDATIONS 17 by Ronald Evans (Schechter, Kimberly) (Entered: 05/21/2010) |

| 05/24/2010 | 21 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Ronald Evans re 18 Order on Motion for Miscellaneous Relief (Schechter, Kimberly) (Entered: 05/24/2010) |
| 09/07/2010 | | **NOTICE OF ORAL ARGUMENT AND BRIEFING SCHEDULE as to defendant, Ronald Evans (1). Oral Argument is scheduled for 9/28/2010 at 02:00 PM before Hon. Richard J. Arcara as to 19 Objections filed by defendant to 17 REPORT AND RECOMMENDATIONS of Magistrate Judge H. Kenneth Schroeder, Jr., and 21 Appeal filed by defendant to 18 Decision and Order of Magistrate Judge H. Kenneth, Jr. Response papers are to be filed by 9/21/2010. Reply papers will not be accepted. (DJD) (Entered: 09/07/2010)** |
| 09/21/2010 | 22 | MEMORANDUM/BRIEF *Government's Response to Defendant Evans' Objections to the Report and Recommendation* by USA as to Ronald Evans (Mango, Aaron) (Entered: 09/21/2010) |
| 09/28/2010 | | Minute Entry for proceedings held 9/28/2010 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Oral Argument is held as to 19 Objections filed by defendant to 17 REPORT AND RECOMMENDATIONS of Magistrate Judge H. Kenneth Schroeder, Jr., and 21 Appeal filed by defendant to 18 Decision and Order of Magistrate Judge H. Kenneth, Jr. Decision is reserved. Appearances: Govt – Aaron Mango; Deft – Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 10/18/2010) |
| 10/21/2010 | 23 | Set/Reset Hearings as to Ronald Evans, Tashine Knightner: Plea Agreement Hearing set for 10/22/2010 11:30 AM before Hon. Richard J. Arcara. (EAK) (Entered: 10/21/2010) |
| 10/26/2010 | 24 | ORDER denying 10 Motion to Suppress as to Ronald Evans (1); adopting Report and Recommendations re 17 Report and Recommendations as to Ronald Evans (1). Signed by Hon. Richard J. Arcara on 10/26/2010.(JMB) (Entered: 10/26/2010) |
| 10/26/2010 | 25 | ORDER as to Ronald Evans affirming Magistrate Judge Schroeder's Decision and Order. Signed by Hon. Richard J. Arcara on 10/26/2010.(JMB) (Entered: 10/26/2010) |
| 10/26/2010 | 26 | Set/Reset Hearings as to Ronald Evans: Meeting to set a trial date set for 10/27/2010 09:00 AM before Hon. Richard J. Arcara. (JMB) (Entered: 10/26/2010) |
| 10/27/2010 | | Minute Entry for proceedings held 10/27/2010 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Meeting to Set Trial Date is held. The parties request additional time for possible plea disposition. Status Conference is scheduled for 12/1/2010 at 9:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearanes: Govt – Aaron Mango; Deft – Kimberly Schechter. (Court Reporter Yvonne Garrison.)(DJD) (Entered: 11/30/2010) |
| 11/08/2010 | | Status conference as to Ronald Evans set for 12/1/2010 at 09:00 AM before Hon. Richard J. Arcara. (JDK) Modified on 11/29/2010 to correct proceeding type (status conference) (JDK). (Entered: 11/08/2010) |
| 11/09/2010 | 28 | ORDER TO CONTINUE – Ends of Justice as to Ronald Evans ; Time excluded from 10/27/10 until 12/1/10. Signed by Hon. Richard J. Arcara on 11/9/10.(DZ) (Entered: 11/09/2010) |
| 12/01/2010 | | Minute Entry for proceedings held 12/1/2010 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. The parties are engaged in plea negotiations. Further Status Conference is scheduled for 1/14/2011 at 09:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt – Aaron Mango; Deft – Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 02/15/2011) |
| 12/03/2010 | 30 | ORDER TO CONTINUE – Ends of Justice as to Ronald Evans ; Time excluded from 12/1/10 until 1/14/10. Signed by Hon. Richard J. Arcara on 12/2/10.(DZ) (Entered: 12/03/2010) |
| 12/09/2010 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 1/14/2011 09:00 AM before Hon. Richard J. Arcara. (EAK) (Entered: 12/09/2010) |

Case: 1:09-cr-376-1   As of: 03/13/2013 05:05 PM EDT   6 of 12

| | | |
|---|---|---|
| 01/14/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 3/4/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 01/14/2011) |
| 01/14/2011 | | Minute Entry for proceedings held 1/14/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. Deft waives his appearance. The parties are continuing their plea negotiations. Further Status Conference is scheduled for 3/4/2011 at 09:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter. (Court Reporter Yvonne Garrison.)(DJD) (Entered: 02/15/2011) |
| 01/19/2011 | 31 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans; Time excluded from 1/14/11 until 3/4/11. Signed by Hon. Richard J. Arcara on 1/19/11.(DZ) (Entered: 01/20/2011) |
| 03/04/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 4/15/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 03/04/2011) |
| 03/04/2011 | | Minute Entry for proceedings held 3/4/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held to set date for trial or plea. Deft requires additional time to give consideration to a plea disposition and obtain further information related to discovery issues. Further Status Conference is scheduled for 4/15/2011 at 09:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter. (Court Reporter Yvonne Garrison.)(DJD) (Entered: 05/10/2011) |
| 03/09/2011 | 32 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans. Time excluded from 3/4/2011 until 4/15/2011. Signed by Hon. Richard J. Arcara on 3/8/2011. (CMD) (Entered: 03/09/2011) |
| 04/15/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 4/22/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 04/15/2011) |
| 04/15/2011 | | Minute Entry for proceedings held 4/15/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held to set date for trial or plea. Deft wrote a letter to the Court requesting the appointment of a new attorney. Defense counsel informs the Court of the issue which is prompting Deft's request. The Court adjourns this matter to 4/22/2011 at 9:00 AM to afford Deft more time to consider his request. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 05/10/2011) |
| 04/18/2011 | 38 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans. Time excluded from 4/15/2011 until 4/22/2011. Signed by Hon. Richard J. Arcara on 4/15/2011. (CMD) (Entered: 04/18/2011) |
| 04/22/2011 | | Status Conference as to Ronald Evans set for 5/27/2011 at 09:00 AM before Hon. Richard J. Arcara. (JDK) (Entered: 04/22/2011) |
| 04/22/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 5/27/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 04/22/2011) |
| 04/22/2011 | | Minute Entry for proceedings held 4/22/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. Deft informs the Court that he will continue with Kimberly Schechter as his appointed counsel. Deft withdraws his request for new counsel. The parties will explore a plea disposition. Further Status Conference is scheduled for 5/27/2011 at 09:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 05/10/2011) |
| 04/25/2011 | 40 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans ; Time excluded from 4/22/11 until 5/27/11. Signed by Hon. Richard J. Arcara on 4/25/11.(DZ) (Entered: 04/25/2011) |
| 05/27/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 6/29/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 06/06/2011) |
| 05/27/2011 | | Minute Entry for proceedings held 5/27/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. Deft requires additional time to explore the possibility of a plea disposition. Further Status Conference is scheduled |

| | | |
|---|---|---|
| | | for 6/29/2011 at 9:00 AM. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 06/06/2011) |
| 06/06/2011 | | Status Conference as to Ronald Evans set for 6/29/2011 at 09:00 AM before Hon. Richard J. Arcara. (JDK) (Entered: 06/06/2011) |
| 06/13/2011 | 45 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans ; Time excluded from 5/27/11 until 6/29/11. Signed by Hon. Richard J. Arcara on 6/13/11.(DZ) (Entered: 06/13/2011) |
| 06/29/2011 | | Set/Reset Deadlines/Hearings as to Ronald Evans: Pretrial Conference set for 7/28/2011 02:00 PM before Hon. Richard J. Arcara. Jury Selection set for 8/1/2011 09:30AM before Hon. Richard J. Arcara. Jury Trial set for 8/2/2011 09:00 AM before Hon. Richard J. Arcara. (JDK) (Entered: 06/29/2011) |
| 06/29/2011 | | Set/Reset Hearings as to Ronald Evans: Final Pretrial Conference set for 7/28/2011 02:00 PM before Hon. Richard J. Arcara. Jury Selection set for 8/1/2011 09:30AM before Hon. Richard J. Arcara. Jury Trial set for 8/2/2011 at a time to be determined before Hon. Richard J. Arcara. (DJD) (Entered: 06/29/2011) |
| 06/29/2011 | | Minute Entry for proceedings held 6/29/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. Deft will proceed to trial. Final Pretrial Conference scheduled for 7/28/2011 at 2:00 PM. Jury Selection scheduled for 8/1/2011 at 9:30 AM. Deft requests the Court to order the Govt to provide discovery documents to Deft. The Court grants the request; discovery documents to be made available to Deft by 7/22/2011. Time is excluded; Govt to submit Speedy Trial Order. Appearances: Govt − Aaron Mango; Deft − Kimberly Schechter. (Court Reporter Yvonne Garrison.)(DJD) (Entered: 07/18/2011) |
| 06/30/2011 | 46 | NOTICE OF ATTORNEY APPEARANCE Aaron J. Mango appearing for USA. (Mango, Aaron) (Entered: 06/30/2011) |
| 07/01/2011 | 47 | NOTICE OF ATTORNEY APPEARANCE Maura O'Donnell appearing for USA. (O'Donnell, Maura) (Entered: 07/01/2011) |
| 07/06/2011 | 48 | ORDER TO CONTINUE − Ends of Justice as to Ronald Evans ; Time excluded from 6/29/11 until 8/1/11. Signed by Hon. Richard J. Arcara on 7/6/11.(DZ) (Entered: 07/07/2011) |
| 07/19/2011 | 49 | PRETRIAL ORDER as to Ronald Evans. Pretrial submissions due by 7/26/2011. Pretrial Conference set for 7/28/2011 02:00 PM before Hon. Richard J. Arcara. Jury Selection set for 8/1/2011 09:30AM before Hon. Richard J. Arcara. Signed by Hon. Richard J. Arcara on 7/19/2011.(JMB) (Entered: 07/19/2011) |
| 07/22/2011 | 50 | Trial Document by USA as to Ronald Evans *GOVERNMENT'S EXPERT DISCLOSURE AND CROSS DEMAND FOR DISCOVERY* (Mango, Aaron) (Entered: 07/22/2011) |
| 07/25/2011 | | NOTICE. Set/Reset Hearings as to Ronald Evans: Plea Agreement Hearing set for 7/26/2011 02:00 PM before Hon. Richard J. Arcara. (DJD) (Entered: 07/25/2011) |
| 07/26/2011 | | Set/Reset Hearings as to Ronald Evans: Sentencing set for 12/1/2011 12:30 PM before Hon. Richard J. Arcara. (DJD) (Entered: 07/26/2011) |
| 07/26/2011 | 52 | PLEA AGREEMENT as to Ronald Evans (DZ) (Entered: 07/27/2011) |
| 07/26/2011 | 53 | Minute Entry for proceedings held 7/26/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans (1). Change of Plea proceeding is held. Deft pleads guilty to Count 6 of the Indictment. Deft is remanded tot he custody of the U.S. Marshals Service pending sentencing. The following schedule is established for the submission of sentencing papers: initial Presentence Investigation Report due by 10/18/2011; Statement with Respect to Sentencing Factors, objections and/or motions, including 5K1.1 motion, government notice not to file 5K1.1 motion, or government motion for extension of time to file 5K1.1 motion, if applicable, due by 11/10/2011; notice by the defendant of government failure to file 5K1.1 motion, if applicable, due by 11/15/2011; responses to objections and/or motions due by 11/17/2011; motions to adjourn sentencing due by 11/21/2011; final Presentence |

| | | |
|---|---|---|
| | | Investigation Report due by 11/25/2011; character letters and/or sentencing memorandum in support of the defendant due by 11/25/2011. **Sentencing is scheduled for 12/1/2011 at 12:30 PM before Hon. Richard J. Arcara.** Appearances: Govt – Aaron Mango and Maura ODonnell; Deft – Kimberly Schechter; USPO – No appearance. (Court Reporter ECRO Jane Kellogg.)(JDK) (Entered: 07/28/2011) |
| 07/26/2011 | 54 | TEXT ORDER as to defendant, Ronald Evans (1). The following schedule is established for the submission of sentencing papers: initial Presentence Investigation Report due by 10/18/2011; Statement with Respect to Sentencing Factors, objections and/or motions, including 5K1.1 motion, government notice not to file 5K1.1 motion, or government motion for extension of time to file 5K1.1 motion, if applicable, due by 11/10/2011; notice by the defendant of government failure to file 5K1.1 motion, if applicable, due by 11/15/2011; responses to objections and/or motions due by 11/17/2011; motions to adjourn sentencing due by 11/21/2011; final Presentence Investigation Report due by 11/25/2011; character letters and/or sentencing memorandum in support of the defendant due by 11/25/2011. SO ORDERED. Issued by Hon. Richard J. Arcara on 7/26/2011.(JDK) (Entered: 07/28/2011) |
| 07/27/2011 | 51 | PRELIMINARY ORDER OF FORFEITURE as to Ronald Evans. Signed by Hon. Richard J. Arcara on 7/26/11.(DZ) (Entered: 07/27/2011) |
| 09/01/2011 | 55 | NOTICE by USA as to Ronald Evans *(Declaration of Publication. Last publication date was August 31, 2011)* (Kaufman, Richard) (Entered: 09/01/2011) |
| 10/27/2011 | 56 | MOTION to Withdraw as Attorney by Kimberly A. Schechter. by Ronald Evans. (Schechter, Kimberly) (Entered: 10/27/2011) |
| 11/01/2011 | 57 | TEXT ORDER as to defendant Ronald Evans. Defense counsel filed 56 Motion to Withdraw. A Status Conference is scheduled for 11/7/2011 at 11:30 AM before Hon. Richard J. Arcara. Defendant is to appear for the Status Conference. SO ORDERED. Issued by Hon. Richard J. Arcara on November 1, 2011.(DJD) (Entered: 11/01/2011) |
| 11/07/2011 | | Attorney update in case as to Ronald Evans. Attorney Robert N. Convissar for Ronald Evans added. Attorney Kimberly A. Schechter terminated. (JDK) (Entered: 11/07/2011) |
| 11/07/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference to set date for sentencing set for 11/29/2011 at 10:00 AM before Hon. Richard J. Arcara. (JDK) (Entered: 11/07/2011) |
| 11/07/2011 | 58 | Minute entry for proceedings held 11/7/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans (1). Status Conference as to defense counsels 56 Motion to Withdraw. Court grants the motion. Court relieves Kimberly Schechter and assigns CJA Panel Attorney Robert Convissar to represent the defendant. Status conference to set date for sentencing is scheduled for 11/29/2011 at 10:00 AM before Hon. Richard J. Arcara. Defendant is remanded. Appearances; Govt – Aaron Mango; Deft – Robert Convissar and Kimberly Schechter (outgoing counsel). (Court Reporter Yvonne Garrison.)(JDK) (Entered: 11/10/2011) |
| 11/29/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 12/20/2011 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 11/29/2011) |
| 11/29/2011 | | Minute Entry for proceedings held 11/29/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held to set date for sentencing. Deft has new appointed counsel. Defense counsel reports that the attorney/client relationship is progressing. Counsel is optimistic that Deft will proceed to sentencing rather than pursue a withdrawal of the plea. Further status conference is scheduled for 12/20/2011 at 9:00 AM. Appearances: Govt – Maura O'Donnell appearing for Aaron Mango; Deft – Robert Convissar; USPO – Susan Murray (Court Reporter Yvonne Garrison.)(DJD) (Entered: 11/30/2011) |
| 12/20/2011 | | Set/Reset Hearings as to Ronald Evans: Status Conference set for 1/24/2012 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 12/22/2011) |

| 12/20/2011 | | Minute Entry for proceedings held 12/20/2011 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held to Set Date for Sentencing. Defense counsel requires additional time to speak with the Deft. Status Conference is scheduled for 1/24/2012 at 9:00 AM. Appearances: Govt – Aaron Mango; Deft – Robert Convissar; USPO – Susan Murray (Court Reporter Yvonne Garrison.)(DJD) (Entered: 01/10/2012) |
|---|---|---|
| 01/20/2012 | 59 | CJA APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL; Attorney Robert N. Convissar appointed to represent Ronald Evans nunc pro tunc 11/7/11.(DZ) (Entered: 01/20/2012) |
| 01/24/2012 | | Set/Reset Hearings as to Ronald Evans: Oral Argument as to Deft's Motion to Withdraw Plea set for 3/15/2012 09:00 AM before Hon. Richard J. Arcara. (DJD) (Entered: 01/24/2012) |
| 01/24/2012 | | Minute Entry for proceedings held 1/24/2012 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Status Conference is held. Deft intends to file a motion to withdraw his plea. The Court directs the parties to order a transcript of the plea proceeding. The following schedule is set forth: transcript due by 1/31/2012; Deft's motion papers due by 2/21/2012; Govt's response papers due by 3/6/2012. Oral Argument is scheduled for 3/15/2012 at 9:00 AM. Appearances: Govt – Aaron Mango; Deft – Robert Convissar (Court Reporter Yvonne Garrison.)(DJD) (Entered: 01/24/2012) |
| 01/30/2012 | 60 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Ronald Evans held on 7/26/11 before Judge Richard J. Arcara. Court Reporter/Transcriber Christi A. Macri, Telephone number (585) 613–4310. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/17/2012. Redacted Transcript Deadline set for 2/27/2012. Release of Transcript Restriction set for 4/26/2012. (DZ) (Entered: 01/30/2012) |
| 02/21/2012 | 61 | MOTION for Extension of Time to File *motion to withdraw plea* by Ronald Evans. (Convissar, Robert) (Entered: 02/21/2012) |
| 02/22/2012 | 62 | TEXT ORDER granting 61 Motion for Extension of Time to File Motion to Withdraw Plea as to Ronald Evans. The motion, if it is to be made, shall be due March 16, 2012. Issued by Hon. Richard J. Arcara on 2/22/2012. (WJG) Modified on 2/23/2012 (DZ). (Entered: 02/22/2012) |
| 02/22/2012 | | E–Filing Notification: 44 **Modified to indicate entry is a " TEXT" ORDER (DZ) (Entered: 02/23/2012) |
| 03/13/2012 | 63 | CJA 24 as to Ronald Evans: Authorization to Pay Christi A. Macri $ 27.00 for Transcript, Voucher # 120213000025. Signed by Hon. Richard J. Arcara on 3/7/12.(DZ) (Entered: 03/14/2012) |
| 03/14/2012 | 64 | TEXT ORDER as to defendant, Ronald Evans. Oral argument in this matter was previously scheduled for 3/15/2012 as to a possible motion by defendant to withdraw his plea. Deft was granted an extension of time to 3/16/2012 to file the motion. Response papers are to be filed by 3/30/2012. Oral Argument is rescheduled for 4/11/2012 at 9:00 AM. In the event the motion is not filed, the parties are to appear for a Status Conference on 3/26/2012 at 9:00 AM. SO ORDERED. Issued by Hon. Richard J. Arcara on March 14, 2012.(DJD) (Entered: 03/14/2012) |
| 03/15/2012 | 65 | MOTION to Withdraw Plea of Guilty by Ronald Evans. (Convissar, Robert) (Entered: 03/15/2012) |
| 03/30/2012 | 66 | RESPONSE in Opposition by USA as to Ronald Evans re 65 MOTION to Withdraw Plea of Guilty (Mango, Aaron) (Entered: 03/30/2012) |
| 04/11/2012 | 67 | Minute Entry for proceedings held 4/11/2012 before Hon. Richard J. Arcara as to Deft, Ronald Evans (1). Oral Argument on Defts 65 Motion to Withdraw Plea of Guilty is held. Deft argues for permission to withdraw his plea of guilty on the basis of the voluntariness of the plea. Deft has submitted an affidavit detailing his concerns. The Govt is opposed stating that Deft has not shown any legal innocence. |

| | | |
|---|---|---|
| | | The Court will require affidavits from deft's former counsel, Kimberly Schechter and her supervisor, Marianne Mariano. Deft's affidavit will be provided to former counsel. The Court will issue a Text Order scheduling further proceedings. Deft is remanded pending the next court appearance. Appearances: Govt − Aaron Mango; Deft − Robert Convissar; USPO − Susan Murray. (Court Reporter Yvonne Garrison.)(JDK) (Entered: 04/13/2012) |
| 04/18/2012 | 68 | TEXT ORDER as to defendant Ronald Evans. Assistant Federal Public Defender Kimberly A. Schechter and Federal Public Defender Marianne Mariano shall each submit an affidavit to chambers responding to the allegations set forth in Defendant Ronald E. Evans' 65 Motion to Withdraw Plea by May 2, 2012. The affidavits shall address whether they should be filed under seal. Oral argument will be held on May 9, 2012 at 9:00 am. SO ORDERED. Issued by Hon. Richard J. Arcara on April 18, 2012.(DJD) (Entered: 04/18/2012) |
| 04/26/2012 | 69 | MOTION for Extension of Time to File *GOVERNMENT'S NOTICE OF MOTION TO EXTEND TIME TO FILE RESPONDING AFFIDAVITS* by USA as to Ronald Evans. (Mango, Aaron) (Entered: 04/26/2012) |
| 05/01/2012 | 70 | MOTION to Seal *Ex parte Affidavits* by Ronald Evans. (Schechter, Kimberly) (Entered: 05/01/2012) |
| 05/02/2012 | 71 | TEXT ORDER: the Motion for Extension of Time to File as to Ronald Evans 69 is granted in part; the affidavits of former counsel shall be due May 10, 2012. The Motion to Seal 70 the affidavits and to submit the affidavits ex parte is granted. The affidavits shall be submitted to Chambers on or before the due date. As was discussed in open Court on the record during the parties' appearance on April 11, 2012, defendant Evans' motion to withdraw his guilty plea raises matters concerning his prior counsel's communications that waives his attorney−client with respect to those communications. U.S. v. Marks, 764 F.Supp. 585 (W.D.N.Y. 2011). Should the United States conclude that it needs to review the affidavits filed ex parte to respond to the defendant's motion to withdraw his plea, or that the affidavits ought not to be filed under seal in the public interest, it may move for access or unsealing. Issued by Hon. Richard J. Arcara on May 2, 2012. (WJG) (Entered: 05/02/2012) |
| 05/09/2012 | 72 | AFFIDAVIT in Response 65 MOTION to Withdraw Plea of Guilty filed by Ronald Evans (DR) (Entered: 05/09/2012) |
| 05/09/2012 | 73 | AFFIDAVIT in Response 65 MOTION to Withdraw Plea of Guilty filed by Ronald Evans (DR) (Entered: 05/09/2012) |
| 05/09/2012 | | Minute Entry for proceedings held 5/9/2012 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Oral Argument previously scheduled for 5/9/2012 is not held. The Court is in receipt of affidavits from the Federal Public Defender's Office in advance of the 5/10/2012 due date. The Affidavits were requested to be filed under seal by the FPDO. The Court denies the request and will file the affidavits as public documents. The Govt reviews the affidavits. The Govt restates its argument that Deft's plea was voluntary and should not be withdrawn. The Court reserves decision on 65 Motion by Deft to Withdraw Plea of Guilty. Appearances: Govt − Maura O'Donnell; Deft − Robert Convissar; Former Counsel for Deft − Kimberly Schechter (Court Reporter Yvonne Garrison.)(DJD) (Entered: 05/09/2012) |
| 05/18/2012 | 74 | DECISION AND ORDER as to Ronald Evans denying 65 MOTION to Withdraw Plea of Guilty filed by Ronald Evans. Motions terminated as to Ronald Evans: 65 MOTION to Withdraw Plea of Guilty filed by Ronald Evans. Sentencing set for 6/13/2012 12:30 PM before Hon. Richard J. Arcara. Signed by Hon. Richard J. Arcara on 5/18/2012.(JMB) (Entered: 05/18/2012) |
| 06/12/2012 | 75 | First MOTION to Adjourn Sentencing by Ronald Evans. (Convissar, Robert) (Entered: 06/12/2012) |
| 06/13/2012 | 76 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Ronald Evans (Mango, Aaron) (Entered: 06/13/2012) |
| 06/13/2012 | | Set/Reset Hearings as to Ronald Evans: Sentencing set for 7/26/2012 01:30 PM before Hon. Richard J. Arcara. (DJD) (Entered: 06/26/2012) |

| 06/13/2012 | | Minute Entry for proceedings held 6/13/2012 before Hon. Richard J. Arcara as to Deft, Ronald Evans. Sentencing proceeding previously scheduled for 6/13/2012 is not held. Deft filed _75 Motion to adjourn the sentencing. The Court grants the motion. Deft's sentencing submissions are to be filed by 7/2/2012; the Govt's sentencing submissions as well as any response papers to the Deft's papers are to be filed by 7/19/2012. Sentencing is adjourned to 7/26/2012 at 1:30 PM. Appearances: Govt − Aaron Mango; Deft − Robert Convissar; USPO − Susan Murray (Court Reporter Yvonne Garrison.)(DJD) (Entered: 06/26/2012) |
|---|---|---|
| 07/02/2012 | 77 | MOTION for Extension of Time to File *Defendant's Statement with respect to Sentencing Factors* by Ronald Evans. (Convissar, Robert) (Entered: 07/02/2012) |
| 07/02/2012 | 78 | Amended MOTION for Extension of Time to File *Defendant's Statement with respect to Sentencing Factors* by Ronald Evans. (Convissar, Robert) (Entered: 07/02/2012) |
| 07/03/2012 | 79 | TEXT ORDER as to defendant, Ronald E. Evans. Defendant filed _77 a motion for an extension of time to file his Statement with Respect to Sentencing Factors. The motion is granted. The time for defendant to file his papers is extended to 7/6/2012. SO ORDERED. Issued by Hon. Richard J. Arcara on July 3, 2012.(DJD) (Entered: 07/03/2012) |
| 07/05/2012 | 80 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Ronald Evans (Convissar, Robert) (Entered: 07/05/2012) |
| 07/20/2012 | 81 | TEXT ORDER as to defendant, Ronald Evans (1). The 7/26/2012 sentencing is adjourned by the Court to **9/10/2012 at 1:00 PM before Hon. Richard J. Arcara.** The schedule for the submission of sentencing papers is amended as follows: Statement with Respect to Sentencing Factors, objections and/or motions, including 5K1.1 motion, government notice not to file 5K1.1 motion, or government motion for extension of time to file 5K1.1 motion, if applicable, due by 8/20/2012; notice by the defendant of government failure to file 5K1.1 motion, if applicable, due by 8/24/2012; responses to objections and/or motions due by 8/27/2012; motions to adjourn sentencing due by 8/31/2012; final Presentence Investigation Report due by 9/4/2012; character letters and/or sentencing memorandum in support of the defendant due by 9/4/2012. SO ORDERED. Issued by Hon. Richard J. Arcara on July 20, 2012.(DJD) (Entered: 07/20/2012) |
| 09/10/2012 | 82 | FINAL ORDER OF FORFEITURE as to Ronald Evans. Signed by Hon. Richard J. Arcara on 9/7/12.(DZ) (Entered: 09/11/2012) |
| 09/10/2012 | | Minute Entry for proceedings held 9/10/2012 before Hon. Richard J. Arcara as to Deft, Ronald Evans (1), Count(s) 6 (Indictment). Sentencing is held. The Court accepts the terms and conditions of the plea agreement and the plea of guilty. The Presentence Investigation Report is placed in the record under seal. If an appeal is filed, counsel on appeal will be permitted access to the sealed report, except that counsel on appeal will not be permitted access to the recommendation section. Deft is committed to the custody of the Bureau of Prisons for a term of 180 months; the cost of incarceration fee is waived. Upon release from imprisonment, Deft shall be placed on supervised release for a term of 4 years with standard and special conditions. No fine. Deft to forfeit the property specifically set forth in Section VII of the Plea Agreement and incorporated herein. Deft to pay $100.00 mandatory assessment, due immediately. Deft is remanded. The Court recommends that Deft be designated to the Butner, North Carolina facility. The Court grants the Govt's oral motion to dismiss Counts 1 through 5, and 7 of the Indictment as to this Deft. Appearances: Govt − Aaron Mango; Deft − Robert Convissar; USPO − Susan Murray (Electronic Court Recorder, Elizabeth Knipe.)(DJD) (Entered: 09/24/2012) |
| 09/25/2012 | 83 | JUDGMENT as to Ronald Evans (1). Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department. Signed by Hon. Richard J. Arcara on 9/14/12.(DZ) (Entered: 09/25/2012) |
| 10/09/2012 | 84 | NOTICE OF APPEAL by Ronald Evans re 83 Judgment (fee status − n/a− CJA) (DZ) (Entered: 10/10/2012) |
| 10/09/2012 | 85 | TRANSCRIPT REQUEST by Ronald Evans for proceedings held on 2/23/10 before Judge Schroeder and proceedings held 7/26/11 and 9/10/12 before Judge Arcara, (DZ) (Entered: 10/10/2012) |

Case: 1:09-cr-376-1   As of: 03/13/2013 05:05 PM EDT   12 of 12

| 10/25/2012 | 86 | SENTENCING LETTERS as to Ronald Evans (DZ) (Entered: 10/26/2012) |
|---|---|---|
| 10/25/2012 | 87 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Ronald Evans (DZ) (Entered: 10/26/2012) |
| 12/17/2012 | 88 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Ronald Evans held on 9/10/12 before Judge Richard J. Arcara. Court Reporter/Transcriber Debra L. Potocki, Telephone number (843) 723−2208. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/7/2013. Redacted Transcript Deadline set for 1/17/2013. Release of Transcript Restriction set for 3/18/2013. (DZ) (Entered: 12/17/2012) |
| 02/07/2013 | 89 | CJA 24 as to Ronald Evans: Authorization to Pay Debra L. Potocki $ 47.45 for Transcript, Voucher # 130130000008. Signed by Hon. Richard J. Arcara on 1/25/13.(DZ) (Entered: 02/07/2013) |
| 02/19/2013 | 90 | MOTION for Return of Seized Property by Ronald Evans. (DZ) (Entered: 02/20/2013) |
| 02/21/2013 | 91 | TEXT ORDER: the United States shall respond to defendant Ronald Evans' pro se motion for return of seized property by March 7, 2013. In the event the United States will contend the motion is moot because the property is available for retrieval by defendant Evans, it shall by March 7, 2013 supply to defendant Evans by mail to his address on his pro se filing documentation sufficient for him to authorize another person to retrieve the property on his behalf. Issued by Hon. Richard J. Arcara on February 21, 2013. (WJG) (Entered: 02/21/2013) |
| 02/22/2013 | 92 | CJA 20 as to Ronald Evans: Authorization to Pay Robert N. Convissar. Amount: $ 8,765.72, Voucher # 111128000069. Signed by Hon. Richard J. Arcara on 2/12/13.(DZ) (Entered: 02/26/2013) |
| 03/07/2013 | 93 | RESPONSE in Opposition by USA as to Ronald Evans, Tashine Knightner re 90 MOTION for Return of Property/PostTrial *GOVERNMENT'S RESPONSE TO DEFENDANT'S PRO SE MOTION TO RETURN PROPERTY* (Mango, Aaron) (Entered: 03/07/2013) |
| 03/13/2013 | 94 | CLERKS CERTIFICATE as to Ronald Evans filed and electronically sent to Court of Appeals (Attachments: # 1 index to record on appeal, # 2 docket sheet)(DZ) (Entered: 03/13/2013) |

# IN THE DISTRICT COURT OF THE UNITED STATES

## For the Western District of New York

_____

NOVEMBER 2009 GRAND JURY
(Empaneled 11/06/2009)

THE UNITED STATES OF AMERICA

INDICTMENT

-vs-

09-CR-

RONALD E. EVANS and
TASHINE KNIGHTNER

Violation:

Title 18, United States Code,
Sections 2, 371, 471, 472,
922(g)(1), and 924(e)

## COUNT 1
### (Manufacturing Counterfeit Currency)

### The Grand Jury Charges:

Between in or before about July of 2009, and on or about September 1, 2009, the exact dates being unknown, in Erie County, in the Western District of New York, the defendants, RONALD E. EVANS and TASHINE KNIGHTNER, did knowingly and with intent to defraud, falsely make, forge, and counterfeit obligations of the United States, to wit, Federal Reserve Notes.

All in violation of Title 18, United States Code, Sections 471 and 2.

### COUNT 2
**(Uttering Counterfeit Currency)**

**The Grand Jury Further Charges:**

On or about August 6, 2009, in Erie County, in the Western District of New York, the defendants, RONALD E. EVANS and TASHINE KNIGHTNER, did knowingly and with intent to defraud, pass, utter, and publish a falsely made and counterfeited obligation of the United States, to wit, a Federal Reserve Note.

**All in violation of Title 18, United States Code, Sections 472 and 2.**

### COUNT 3
**(Uttering Counterfeit Currency)**

**The Grand Jury Further Charges:**

On or about August 7, 2009, in Erie County, in the Western District of New York, the defendants, RONALD E. EVANS and TASHINE KNIGHTNER, did knowingly and with intent to defraud, pass, utter, and publish a falsely made and counterfeited obligation of the United States, to wit, a Federal Reserve Note.

**All in violation of Title 18, United States Code, Sections 472 and 2.**

## COUNT 4
### (Uttering Counterfeit Currency)

**The Grand Jury Further Charges:**

On or about August 13, 2009, in Erie County, in the Western District of New York, the defendants, RONALD E. EVANS and TASHINE KNIGHTNER, did knowingly and with intent to defraud, pass, utter, and publish a falsely made and counterfeited obligation of the United States, to wit, a Federal Reserve Note.

**All in violation of Title 18, United States Code, Sections 472 and 2.**

## COUNT 5
### (Conspiracy to Make and Utter Counterfeit Currency)

**The Grand Jury Further Charges:**

Beginning in or before about July of 2009, the exact date being unknown, and continuing through September 1, 2009, the exact dates being unknown, in the Western District of New York, the defendants  RONALD E. EVANS and TASHINE KNIGHTNER, did knowingly, willfully, and unlawfully, combine, conspire, and agree together and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is, knowingly and with intent to defraud manufacturing counterfeit currency, in violation

of Title 18, United States Code, Section 471; and knowingly and with intent to defraud, passing and uttering counterfeit currency, in violation of Title 18, United States Code, Section 472; and knowingly and with intent that the same be passed, published, and used as genuine, exchange, transfer, receive, and deliver counterfeit currency, in violation of Title 18, United States Code, Section 473.

<u>**OVERT ACTS**</u>

In furtherance of the conspiracy, and to effect the purposes and objects thereof, the following overt acts were committed:

1.   From time to time between July of 2009 and September 1, 2009, defendants RONALD E. EVANS, TASHINE KNIGHTNER and others began to manufacture counterfeit Federal Reserve Notes (Notes) at 55 Dorris Avenue, Buffalo, New York, using an HP Officejet Pro L7555 All-in-One Printer.

2.   On or about August 6, 2009, RONALD E. EVANS and TASHINE KNIGHTNER passed ten counterfeit $20 Notes and sixteen counterfeit $5 Notes, for a total of $280 in counterfeit Notes, at the express lane register # 2 at Wal-Mart, located in Clarence, New York.

3.   On or about August 7, 2009, RONALD E. EVANS and TASHINE

4

KNIGHTNER passed fifteen counterfeit $20 Notes for a total of $300 in counterfeit Notes, at register # 19 at Wal-Mart, located in Clarence, New York.

4.    On or about August 13, 2009, RONALD E. EVANS and TASHINE KNIGHTNER passed eleven counterfeit $20 Notes for a total of $220 in counterfeit Notes, at register # 4 at Wal-Mart, located in Clarence, New York.

**All in violation of Title 18, United States Code, Section 371.**

## COUNT 6
### (Unlawful Possession of a Firearm)

**The Grand Jury Further Charges:**

On or about September 1, 2009, at Buffalo, New York, in the Western District of New York, the defendant, RONALD E. EVANS, having been previously convicted: on or about February 3, 1978, in County Court, Niagara County, New York; on or about April 30, 1982, and on or about February 4, 1983, in the United States District Court for the Western District of New York, at Buffalo, New York; and on or about May 21, 2001, in Superior Court, Granville County, North Carolina; of crimes punishable by imprisonment for a term exceeding one year, and each of the above-mentioned crimes being

a violent felony, unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, one Taurus, .45 caliber handgun, bearing serial number NCM61911, and ammunition, namely, 41 rounds of .45 caliber ammunition.

**All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).**

## COUNT 7
### (Forfeiture Allegation)

**The Grand Jury Further Charges:**

Upon his conviction of Count 6 in this Indictment, the defendant, RONALD E. EVANS, shall forfeit all of his right, title and interest in property, including but not limited to the following:

    a.   one Taurus, .45 caliber handgun, bearing serial number NCM61911, and

    b.   41 rounds of .45 caliber ammunition.

**All pursuant to Title 18, United States Code, Sections 924(d), 3665 and Title 28, United States Code, 2461(c).**

DATED:  Buffalo, New York, November 19, 2009.

                                       KATHLEEN M. MEHLTRETTER
                                        United States Attorney


BY:   S/AARON J. MANGO
            AARON J. MANGO
            Assistant United States Attorney
            United States Attorney's Office
            Western District of New York
            138 Delaware Avenue
            Buffalo, New York  14202
            716-843-5882
            aaron.mango@usdoj.gov

A TRUE BILL:


S/FOREPERSON
FOREPERSON

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

            v.                             ORDER
                                          09-CR-376

RONALD EVANS,
                        Defendant.

      This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1).  On January 22, 2010, defendant filed a motion to suppress statements.  On May 6, 2010, Magistrate Judge Schroeder filed a Report and Recommendation, recommending that defendant's motion to suppress statements be denied.

      Plaintiff filed objections to the Report and Recommendation on May 21, 2010 and the government filed a response on September 21, 2010.  Oral argument on the objections was held on September 28, 2010.

      Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made.  Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

A-21

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation, defendant's motion to suppress statements is denied.

This parties shall appear for a meeting to set a trial date on October 27, 2010 at 9:00 a.m.

SO ORDERED.

*s / Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 26, 2010

2

 Case 1:09-cr-00376-RJA-HKS   Document 25   Filed 10/26/10   Page 1 of 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

RONALD EVANS,

                        Defendant.

ORDER
09-CR-376A

                This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr.,

pursuant to 28 U.S.C. § 636(b)(1).  On January 22, 2010, he defendant filed a motion to

sever Counts 1 through 5 from Counts 6 and 7.

                On May 10, 2010, Magistrate Judge Schroeder filed a Decision and Order

denying the defendant's motion to sever.  On May 24, 2010, the defendant filed an

appeal from the Magistrate Judge's Decision and Order.  Oral argument on the appeal

was held on September 28, 2010

                Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider

any pretrial matter under this [section] where it has been shown that the magistrate's

order is clearly erroneous or contrary to law."

                The Court has reviewed the government's appeal and Magistrate Judge

Schroeder's Decision and Order.  Upon such review and after hearing argument from

counsel, the Court finds that Magistrate Judge Schroeder's Decision and Order is

neither clearly erroneous nor contrary to law.

1

Accordingly, the Court affirms the Decision and Order.  The parties shall appear for a meeting to set a trial date on October 27, 2010 at 9:00 a.m.

SO ORDERED.

s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 26, 2010

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              PRETRIAL ORDER
                                                09-CR-376A
RONALD EVANS,

                        Defendant.

Jury selection for trial of this matter is scheduled for Monday,

August 1, 2011, at 9:30 A.M.   Accordingly, a final pretrial conference is

scheduled in this matter for Thursday, July 28, 2011, at 2:00 P.M.  On or before

July 26, 2011,  counsel for the government and the defendant are to provide the

Court with two sets of the required submissions listed below.  One set of the

required submissions should be filed electronically with the Clerk's Office and the

other should be brought directly to the Court's chambers.  Each submission

should be filed under separate cover.

1. <u>JURY INSTRUCTIONS</u>:  The government and the defendant

must supply copies of their requested charges on the substantive issues.  (Each

party should also include a computer disk containing the charge with the set of

submissions sent to chambers.)  Each charge is to be on a separate sheet of

paper, in standard form, and contain citations to the authority for the charge.  The

proposed charges shall be taken from L. Sand, et al., <u>Modern Federal Jury Instructions</u> (1998), unless a suitable charge is not included in Sand. In that case, the parties may submit an alternative charge, as long as it is supported by legal authority. The charges are to be presented in a logical sequence, and this submission should include an index to the charges.

 The Court will use these charges to help formulate its own charge. If counsel fails to submit a charge, that charge will not be considered by the Court.

 2. <u>PRETRIAL BRIEFS OR OTHER MEMORANDA</u>: The government shall submit a memorandum of law outlining the facts and legal arguments to be made. The defendant may also file a memorandum either in response to the government's submission or concerning his own issues. The memorandum shall include any issues that the Court should consider in order to expedite the trial, as well as any unusual or recurring issues, such as evidentiary issues, that may arise at trial. Any party wishing to make a motion <u>in limine</u> should include such a motion, along with legal authority, as part of this submission.

 3. <u>EXHIBITS</u>: Each party shall submit a list of exhibits it anticipates using at trial. The exhibits must be **pre-marked by number only** and any sub-exhibits should be pre-marked alphabetically.

 The parties shall use the Court's form, copy of which is attached, in preparing the exhibit list. Failure to list an exhibit may result in preclusion of that

exhibit at trial.  Common exhibits should be included only on the government's exhibit list unless otherwise ordered by the Court.

Two copies of each documentary exhibit shall be provided to the Court at the pretrial conference.  Each set of copies shall be "tabbed" for reference and bound in a three-ring binder or in a similar fashion.

4.  VOIR DIRE:  Each party may submit up to ten proposed voir dire questions relating to any questions of law or fact that will be relevant to issues to be tried.  Additional questions will be considered only upon a showing of good cause.  The Court will conduct the voir dire.

5.  WITNESS LIST:  Each party must submit the names and addresses (identifying town and state only) of all prospective witnesses and a brief summary of their anticipated testimony, including **anticipated date and length of testimony (in hours/minutes)**.  The list must include rebuttal witnesses, but their anticipated testimony need not be summarized.  Failure to meet these requirements with respect to any witness may result in preclusion of testimony by that witness.

6.  EXPERT TESTIMONY:  The identity, addresses (identifying town and state only), and a brief summary of the qualifications and testimony of all expert witnesses are to be supplied.  Counsel may enter into a written stipulation prior to the pretrial conference setting forth the qualifications of each expert

witness.  Failure to include an expert witness on the expert witness list may result in preclusion of testimony by that witness.

      7.  <u>SUMMARY OF CHARGES</u>:  Each party shall submit proposed summaries of the charges in the Indictment.  These summaries may be used by the Court in lieu of reading the entire Indictment during jury selection and in the preliminary instructions to the jury.

      SO ORDERED.

                      s/ Richard J. Arcara
                      HONORABLE RICHARD J. ARCARA
                      UNITED STATES DISTRICT JUDGE

DATED: July 20, 2011

Case 1:09-cr-00376-RJA-HKS   Document 49   Filed 07/19/11   Page 5 of 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EXHIBIT LIST

Case No. _____
Date:    _____

_____ Government
_____ Defendant

| Ex.# | Description | Date Marked for Ident. | In Evidence |
|------|-------------|------------------------|-------------|
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |
|      |             |                        |             |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.

RONALD E. EVANS,

        Defendant.

09-CR-376



## PLEA AGREEMENT

    The defendant, RONALD E. EVANS, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.


I.   **THE PLEA AND POSSIBLE SENTENCE**

    1.   The defendant agrees to plead guilty to Count 6 of the Indictment which charges a violation of Title 18, United States Code, 922(g)(1) and 924(e) [felon in possession of a firearm and ammunition/armed career criminal] for which the penalties are a minimum term of imprisonment of 15 years and a maximum term of imprisonment of up to life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 5 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

## II.  ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year, as charged, and has not had his civil rights restored following that conviction;

b.    the defendant knowingly possessed the firearm and ammunition, as charged; and

c.    the possession, as charged, was of a firearm that had been shipped or transported in interstate or foreign commerce and as such, was in and had affected commerce.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    The defendant, RONALD E. EVANS, was convicted on or about February 3, 1978 in Niagara County Court, Niagara County, New York of Attempted Burglary in the 3rd Degree; and on or about April 30, 1982 in the U.S. District Court, Western District of New York of Bank Robbery; and on or about February 4, 1983 in the U.S. District Court, Western District of New York of Armed Bank Robbery.  Said convictions were punishable by a term of imprisonment exceeding one year, the defendant receiving actual sentences of 0-4 years, 7 years, and 10 years, respectively.

b.    Neither the State of New York, nor any other government authority has restored the rights of the defendant to lawfully possess firearms or ammunition.

c.    On or about September 1, 2009, in the Western District of New York, the defendant knowingly and unlawfully possessed a firearm, namely, one Taurus, .45 caliber handgun, bearing serial number NCM61911, and ammunition, namely, 41 rounds of .45 caliber ammunition.

d.    The handgun was a firearm which was designed to or could readily have been converted to expel a projectile by the action of an explosive.  The ammunition was ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

e.    The firearm and ammunition were not manufactured in the State of New York, and thus, had at some time prior to defendant's possession, traveled in interstate commerce.

-3-

### III.  <u>SENTENCING GUIDELINES</u>

5.   The defendant acknowledges that he has the following convictions and corresponding sentences:

    a.   **Crime of Conviction**: Attempted Burglary in the 3rd Degree
        **Date of Conviction**: 2/3/1978
        **Court of Conviction**: Niagara County Court, Niagara County, New York
        **Sentence upon Conviction**: 0-4 years

    b.   **Crime of Conviction**: Bank Robbery
        **Date of Conviction**: 4/30/1982
        **Court of Conviction**: U.S. District Court, Western District of New York
        **Sentence upon Conviction**: 7 years

    c.   **Crime of Conviction**: Armed Bank Robbery
        **Date of Conviction**: 2/4/1983
        **Court of Conviction**: U.S. District Court, Western District of New York
        **Sentence upon Conviction**: 10 years

Therefore, it is the understanding of the government and the defendant that the defendant is an Armed Career Criminal (Guidelines §4B1.4(b)(3)(B)).  As a result, the defendant's base offense level is 33.

### <u>ACCEPTANCE OF RESPONSIBILITY</u>

6.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would

result in a total offense level of 30.

## CRIMINAL HISTORY CATEGORY

7.   It is the understanding of the government and the defendant that the defendant's criminal history category is VI. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

8.   It is the understanding of the government and the defendant that, with a total offense level of 30 and criminal history category of VI, and taking into account the statutory mandatory minimum, the defendant's sentencing range would be a term of imprisonment of 180 to 210 months, a fine of $15,000 to $150,000, and a period of supervised release of 5 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

9.   The government and the defendant agree to the Sentencing

Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement.  A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.  A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.


10.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.


IV.   **STATUTE OF LIMITATIONS**

11.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or

related to the defendant's possession of a firearm and/or production, possession, and uttering of counterfeit currency which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

12. At sentencing, the government agrees to not oppose the recommendation that the Court sentence the defendant to 180 months.

13. The defendant understands that the government has reserved the right to:

a.   provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.   respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c.   modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

A-37

14. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

15. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

16. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI. APPEAL RIGHTS

17. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 8, above, notwithstanding the manner in

which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

18.  The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

19.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 8, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.  <u>FORFEITURE PROVISIONS</u>

20.  The defendant acknowledges that the defendant is the owner of the firearm and ammunition described below and agrees to

-9-

the criminal forfeiture of the property and to the immediate entry of an order of forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). The property is described as follows:

      a.   one Taurus, .45 caliber handgun, bearing serial number NCM61911, and

      b.   41 rounds of .45 caliber ammunition.


    21.   The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the aforementioned property.


## VIII.   TOTAL AGREEMENT AND AFFIRMATIONS

    22.   This plea agreement represents the total agreement between the defendant, RONALD E. EVANS, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____

AARON J. MANGO
Assistant U.S. Attorney

Dated: July 26, 2011

I have read this agreement, which consists of 11 pages. I have had a full opportunity to discuss this agreement with my attorney, Kimberly A. Schechter, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____          _____
RONALD E. EVANS                    KIMBERLY A. SCHECHTER, ESQ.
Defendant                          Attorney for the Defendant

Dated: July 26, 2011               Dated: July 26, 2011

-11-

1

```
 1                      UNITED STATES DISTRICT COURT

 2                     WESTERN DISTRICT OF NEW YORK

 3    - - - - - - - - - - - - - X
      UNITED STATES OF AMERICA    )    09-CR-376(RJA)
 4                                )
      vs.                         )
 5                                )    Buffalo, New York
      RONALD E. EVANS,            )    July 26, 2011
 6               Defendant.       )    1:16 p.m.
                                  )
 7    - - - - - - - - - - - - - X

 8
                         TRANSCRIPT OF PROCEEDINGS
 9            BEFORE THE HONORABLE RICHARD J. ARCARA
                     UNITED STATES DISTRICT JUDGE
10

11                   WILLIAM J. HOCHUL, JR., ESQ.
                     United States Attorney
12                   BY: AARON J. MANGO, ESQ.
                         MAURA O'DONNELL, ESQ.
13                   Assistant United States Attorneys
                     138 Delaware Avenue
14                   Buffalo, New York 14202

15
                     MARIANNE MARIANO, ESQ.
16                   Federal Public Defender
                     BY:  KIMBERLY A. SCHECHTER, ESQ.
17                   300 Pearl Street, Suite 200
                     Buffalo, New York 14202
18                   Appearing on behalf of the Defendant

19

20    AUDIO RECORDER:       Jane Kellogg

21

22    TRANSCRIBER:          Christi A. Macri, FAPR, RMR, CRR, CRI
                            Kenneth B. Keating Federal Building
23                          100 State Street
                            Rochester, New York 14614-0222
24

25    (Proceedings recorded by electronic sound recording, transcript
      produced by computer).
```

2

P R O C E E D I N G S

1

2                              *    *    *

3          (WHEREUPON, the defendant is present).

4          THE CLERK: You may be seated.  Criminal action

5   2009-376(A), United States vs. Ronald Evans.

6          Counsel, please state your name and the party you

7   represent for the record.

8          MR. MANGO: Good afternoon, Your Honor.  Aaron Mango for

9   the United States, and Maura O'Donnell as well with the United

10  States.

11         MS. SCHECHTER: Kimberly Schechter for Mr. Evans.

12         THE COURT: Good afternoon.

13         MS. SCHECHTER: Good afternoon, Judge.

14         THE COURT: Mr. Mango?

15         MR. MANGO: Your Honor, it's my understanding we're here

16  for the defendant to enter a change of plea, that to guilty to

17  Count 6 of the indictment.

18         THE COURT: Is that your understanding?

19         MS. SCHECHTER: Yes.

20         THE COURT: Would you administer the oath to Mr. Evans?

21         (WHEREUPON, the defendant was sworn).

22         THE COURT: Mr. Evans, you're now under oath, sir, and

23  will be under oath during the course of these proceedings.  I'll

24  be asking you a number of questions; you'll have to answer those

25  questions honestly and truthfully.  If you were to give me any

3

1    false answer, that false statement may be used against you in a

2    further prosecution brought by the Government of making a false

3    statement while under oath.

4              Do you understand that, sir?

5              THE DEFENDANT: Yes, sir.

6              THE COURT: It's also very important, Mr. Evans, you

7    understand what your rights are.  At any time at all during the

8    course of these proceedings -- are you having trouble hearing me?

9              THE DEFENDANT: Somewhat.

10             THE COURT:  Pardon me?

11             THE DEFENDANT:  It's just echoing.

12             THE COURT: It's echoing?

13             THE DEFENDANT: It's like a echo to me, but I can hear

14   you.

15             THE COURT: If you have a problem, let me know.  I can

16   give you a hearing aid.

17             THE DEFENDANT: I'm good.

18             THE COURT: Okay.  What's important here is that I'm

19   satisfied that you fully understand what your rights are.  There's

20   no hurry, we have all day.

21             Do you understand that, sir?

22             THE DEFENDANT: Yes, sir.

23             THE COURT: Now, it's my understanding you're here today

24   to waive certain rights and to plead guilty to Count 6 of the

25   indictment under the terms and conditions of the plea agreement.

4

1           Do you understand this charge, sir?

2           THE DEFENDANT: Yes, I do.

3           THE COURT: Ms. Schechter, you've gone over Count 6 with

4    your client?  Are you satisfied he understands it?

5           MS. SCHECHTER: He understands it.

6           THE COURT: Any reason for me to go through any further

7    explanation?

8           MS. SCHECHTER: No.

9           THE COURT: And you also reviewed with him the -- his

10   rights under Rule 11, right to a trial, right to a lawyer,

11   et cetera?  He understands it?

12          MS. SCHECHTER: Yes, I did. And he understands.

13          THE COURT: And the terms and conditions of the plea

14   agreement?

15          MS. SCHECHTER: Yes.

16          THE COURT: Now, Mr. Evans, you've discussed this whole

17   situation with your attorney, she's explained to you what your

18   legal rights are, what your legal options are.  You may not have

19   liked what she had to tell you, but she's not here to make you

20   feel good; she's here to be your legal advisor.

21          And apparently based on those discussions, you're here

22   today to waive certain rights and to plead guilty to this charge,

23   Count 6, under the terms and conditions of the plea agreement.

24          Are you fully satisfied with the advice and counsel you

25   received from your lawyer?

5

1          THE DEFENDANT: Yes, sir.

2          THE COURT: Any complaints?

3          THE DEFENDANT: No.

4          THE COURT: All right.  Why don't we go through the plea

5   agreement, Mr. Mango?

6          MR. MANGO: Yes, Your Honor, the plea agreement.  The

7   defendant, Ronald E. Evans, and the United States Attorney for the

8   Western District of New York, hereinafter the Government, hereby

9   enter into a plea agreement with the terms and conditions as set

10  out below.

11         The plea and possible sentence, one.  The defendant

12  agrees to plead guilty to Count 6 of the indictment which charges

13  a violation of Title 18, United States Code, Section 922(g)(1) and

14  924(e), felon in possession of a firearm and ammunition, armed

15  career criminal, for which the penalties are a minimum term of

16  imprisonment of 15 years and a maximum term of imprisonment of up

17  to life; a fine of $250,000; a mandatory $100 special assessment;

18  and a term of supervised release of five years.

19         The defendant understands that the penalties set forth

20  in this paragraph are the maximum penalties that can be imposed by

21  the Court at sentencing.

22         THE COURT: Do you understand that, sir?

23         THE DEFENDANT: Yes, sir.

24         THE COURT: Ms. Schechter, you've explained to him the

25  importance of this paragraph?

6

1          MS. SCHECHTER: I did.

2          THE COURT: What's the importance?

3          MR. MANGO: Yes, Your Honor.  Paragraph 1 satisfies a

4   requirement of Rule 11 by notifying the defendant of the maximum

5   penalty.

6          The Court also must consider, but is not bound by, the

7   Federal Sentencing Guidelines.  Those guidelines went into effect

8   on November 1st, 1987, and are relevant to federal offenses

9   committed after that date.  The purpose of the guidelines is to

10  establish a sentencing system in which courts will impose similar

11  sentences for similar crimes upon defendants who are similar in

12  ways that, according to the guidelines, are relevant for

13  sentencing.

14         In the -- if the sentencing guideline procedure is

15  followed, the Court would impose a sentence within a range on the

16  sentencing table in the guidelines manual.  This range would

17  depend on the defendant's criminal history and the defendant's

18  criminal conduct.

19         The law requires the Court to consider imposing the

20  sentence in accordance with the guideline procedure.  The law

21  permits the Court, however, to impose a reasonable sentence

22  without adhering to the sentencing guidelines.

23         If the Court decides to impose a sentence other than the

24  one prescribed by the sentencing guidelines, the Court must state

25  its reasons for doing so.

7

1          THE COURT: You understand that, sir?

2          THE DEFENDANT: Yes, sir.

3          THE COURT: You've explained to him about the guidelines

4    and he understands it?

5          MS. SCHECHTER: I did explain --

6          THE COURT: We'll go through it in a few minutes.

7          MS. SCHECHTER: Yes.

8          MR. MANGO: Two, the defendant understands that if it is

9    determined that the defendant has violated any of the terms or

10   conditions of supervised release, the defendant may be required to

11   serve in prison all or part of the term of supervised release up

12   to five years without credit for time previously served on

13   supervised release.

14          As a consequence, in the event the defendant is

15   sentenced to the maximum term of incarceration, a prison term

16   imposed for a violation of supervised release may result in the

17   defendant serving a sentence of imprisonment longer than the

18   statutory maximum set forth in paragraph 1 of this agreement.

19          THE COURT: You understand that, sir?

20          THE DEFENDANT: Yes, sir.

21          THE COURT: Okay.

22          MR. MANGO: Elements and factual basis, three.  The

23   defendant understands the nature of the offense set forth in

24   paragraph 1 of this agreement and understands that if this case

25   proceeded to trial, the Government would be required to prove

8

1   beyond a reasonable doubt the following elements of the crime.

2          (A) The defendant was convicted in any court of a crime

3   punishable by imprisonment for a term exceeding one year as

4   charged and has not had his civil rights restored following his

5   conviction.

6          (B) The defendant knowingly possessed the firearm and

7   ammunition as charged.

8          And (C) the possession as charged was of a firearm that

9   had been shipped or transported in interstate or foreign commerce

10  and as such was in and had affected commerce.

11         Factual basis --

12         THE COURT: You understand that, sir?

13         THE DEFENDANT: Yes, sir.

14         THE COURT: Okay.

15         MR. MANGO: Factual basis, four.  The defendant and the

16  Government agree to the following facts which form the basis for

17  the entry of the plea of guilty, including relevant conduct.

18         (A) The defendant, Ronald E. Evans, was convicted on or

19  about February 3rd, 1978, in Niagara County Court, Niagara County,

20  New York, of attempted burglary in the third degree; and on or

21  about April 30th, 1982, in the U.S. District Court, Western

22  District of New York, of bank robbery; and on or about

23  February 4th, 1983, in the U.S. District Court, Western District

24  of New York, of armed bank robbery.

25         Said convictions were punishable by a term of

9

1   imprisonment exceeding one year.  The defendant receiving actual

2   sentences of zero to four years; seven years; and ten years

3   respectively.

4           (B) Neither the State of New York nor any other

5   government authority has restored the rights of the defendant to

6   lawfully possess firearms or ammunition.

7           (C) On or about September 1st, 2009, in the Western

8   District of New York, the defendant knowingly and unlawfully

9   possessed a firearm, namely, one Taurus .45 handgun bearing serial

10  number NCM61911, and ammunition, namely, 41 rounds of .45

11  ammunition.

12          (D) The handgun was a firearm that which was designed to

13  or could readily have been converted to expel a projectile by the

14  action of an explosive.  The ammunition was ammunition or

15  cartridge cases, primers, bullets or propellent powder designed

16  for use in any firearm.

17          (E) The firearm and ammunition were not manufactured in

18  the State of New York and, thus, had at some time prior to

19  defendant's possession traveled in interstate commerce.

20          THE COURT: Do you understand that, sir?

21          THE DEFENDANT: Yes, sir.

22          THE COURT: Okay.  How would you prove this?

23          MR. MANGO: Yes, Your Honor.  If this case proceeded to

24  trial, the Government was prepared to prove the factual basis and

25  elements as follows.

10

1          We would call a number of witnesses, including Mary

2     Brounshidle from Wal-Mart, who would authenticate some video and

3     photographs taken at Wal-Mart of some counterfeit currency being

4     passed at Wal-Mart on August 6th, August 7th and August 13th of

5     2009.

6          From that, Your Honor, the Government would call

7     Special Agent Mike Fields, Secret Service Agent, who would testify

8     that he opened a Secret Service investigation involving the

9     counterfeit that was passed at Wal-Mart.

10          Part of that investigation led him to the address of

11     55 Dorris Avenue in Buffalo, New York where he did a trash pull

12     and found counterfeit currency in the trash located at that

13     address.

14          Thereafter, he would testify that a search warrant was

15     conducted on September 1st, 2009, at 55 Dorris Avenue.  And at

16     that time two individuals were present in the residence:  Tashine

17     Knightner, a co-defendant, who has already been sentenced by Your

18     Honor and pled guilty relating to counterfeit currency charges;

19     and the defendant.

20          Mr. Fields would testify as to statements given by the

21     defendant in which a handgun was found in a nightstand next to the

22     bed where the defendant was sleeping or had slept when he was in

23     the residence.

24          And Mr. Fields would introduce -- and other State Police

25     investigators would introduce statements that the defendant made

11

1  regarding that gun; that it was his sister's gun, but that he was

2  holding it for her.

3          Your Honor, the Government would also introduce evidence

4  that DNA was found on that gun.  Michelle Stratton, with the

5  Erie County Forensic Crime Lab, would testify here at trial that

6  she analyzed the gun and she analyzed a known sample of Mr. Evans

7  and found that his DNA was -- well, there was a 1 in 4.31 billion

8  chance that another person other than Mr. Evans' DNA was on that

9  gun.

10          THE COURT: You understand that, sir?

11          THE DEFENDANT: Yes, sir.

12          MR. MANGO: I think that would do it, Your Honor.

13          THE COURT: Okay.

14          MR. MANGO: We would also call ATF agents to testify as

15  to the interstate nature of the gun and ammunition.

16          THE COURT: Okay.

17          MR. MANGO: Sentencing guidelines, five.  The defendant

18  acknowledges that he has the following conviction and

19  corresponding sentences.

20          (A) Crime of conviction, attempted burglary in the third

21  degree.  Date of conviction, 2/3/78.  Court of conviction, Niagara

22  County Court, Niagara County, New York.  Sentence upon conviction,

23  zero to four years.

24          (B) Crime of conviction, bank robbery.  Date of

25  conviction, 4/30/82.  Court of conviction, U.S. District Court,

12

1    Western District of New York.   Sentence upon conviction, seven

2    years.

3              (C) Crime of conviction, armed bank robbery.   Date of

4    conviction, 2/4/83.   Court of conviction, U.S. District Court,

5    Western District of New York.   Sentence upon conviction, ten

6    years.

7              Therefore, it is the understanding of the Government and

8    the defendant that the defendant is an armed career criminal,

9    Guideline Section 4B1.4(b)(3)(B).   As a result, the defendant's

10   base offense level is 33.

11             THE COURT:   Sir, you saw this table with all these

12   numbers on it?

13             THE DEFENDANT: Yes, sir.

14             THE COURT: This is important.   You're going to end up

15   somewhere on this table and where you end up, those numbers

16   represent a range of months that would be recommended to the Court

17   as to what the sentence should be.

18             Now, it's been determined for this particular violation

19   of these circumstances that the number that relates to you is 33.

20   That's right over here, two-thirds of the way down the page.

21             Now, we're going to make some adjustments.   You want to

22   end up as far up at the top as you can and as far away from the

23   bottom because even one number can make a significant difference

24   as to the sentencing range that's being recommended to the Court.

25   I'm not bound by it, but I'm going to carefully consider it.

13

1          Do you understand that, sir?

2          THE DEFENDANT: Yes, sir.

3          THE COURT: Okay.

4          MR. MANGO: Acceptance of responsibility, six.  At

5   sentencing the Government agrees not to oppose the recommendation

6   that the Court apply the two level downward adjustment of

7   Guideline Section 3E1.1(a), acceptance of responsibility.

8          And further agrees to move the Court to apply the

9   additional one level downward adjustment of Guideline Section

10  3E1.1(b), which would result in a total offense level of 30.

11         THE COURT: All right.  Now, if you look at offense level

12  33 -- now your criminal history category is VI, so you have a

13  substantial prior record.  So you'd be in column six.  If you look

14  at column six and you look at the advisory range, the range is 235

15  to 293 months.

16         If you reduce it by three levels, okay?  Now you're at a

17  range of 168 to 210.  So if you look at the lower number at the

18  lower end, it's 168.  If you look at the higher number at the

19  higher end, it's 293.  That's like about 140 -- approximately 140

20  months difference.  That's like about ten years difference between

21  the lower number at the lower end, the higher number at the higher

22  end.

23         Now, the acceptance of responsibility is there that if

24  someone's guilty of the crime and they're willing to accept

25  responsibility for it, that you can get a benefit of a three level

14

1   reduction.  You can see, as I've just said, the difference is like

2   140 months, which is like 12 years, whatever, difference.  My math

3   might not be totally accurate.

4           MS. SCHECHTER: Judge, I just want to interject here that

5   there is a mandatory minimum of 15 years, which would be the 180

6   months.

7           THE COURT: 180 months?  Oh, okay.  So it's 180 months

8   vs. up to 293 months.  So that's 113 months, so it's like ten

9   years or thereabouts, close to it.

10          MR. MANGO: Yes.

11          THE COURT: Now, the theory being that you should get a

12   lower sentence, if you're guilty.  If you're not guilty, you have

13   no business being here.  But if you're guilty, you should get a

14   lower sentence than you would be if you went to trial.  You save

15   the Government the time and the expense of a trial, you should get

16   a lower sentence.  There's no guarantee you would get the lower

17   end, but it gives you and your lawyer a chance to argue for a

18   lower sentence.

19          If you were to go to trial and if you were convicted,

20   then the range would be somewhere between 235 and 293.  Do you

21   understand that, sir?

22          THE DEFENDANT: Yes, sir.

23          THE COURT: In all likelihood, you wouldn't get this

24   three level reduction.

25          THE DEFENDANT: Yes, sir.

15

1   THE COURT: Okay.

2   MR. MANGO: Criminal history --

3   THE COURT: You explained all this to him, Ms. Schechter?

4   MS. SCHECHTER: Yes, Judge.

5   THE COURT: I'm sure you did a much better job than I

6 just did.  My computer is falling apart.

7   MR. MANGO: Criminal history category, paragraph seven,

8 it is the understanding of the Government and the defendant that

9 the defendant's criminal history category is a VI.

10   The defendant understands that if the defendant is

11 sentenced for or convicted of any other charges prior to

12 sentencing in this action, the defendant's criminal history

13 category may increase.

14   The defendant understands that the defendant has no

15 right to withdraw the plea of guilty based on the Court's

16 determination of the defendant's criminal history category.

17   Guidelines application, calculations and impact, eight.

18 It is the understanding of the Government and the defendant that

19 with a total offense level of 30 and criminal history category of

20 VI, and taking into account the statutory mandatory minimum, the

21 defendant's sentencing range would be a term of imprisonment of

22 180 to 210 months; a fine of $15,000 to $150,000; and a period of

23 supervised release of five years.

24   Notwithstanding this, the defendant understands that at

25 sentencing the defendant is subject to the minimum and maximum

16

1   penalties set forth in paragraph 1 of this agreement.

2          THE COURT: You understand that, sir?

3          THE DEFENDANT: Yes, sir.

4          THE COURT: Okay.  If you have any questions, you let me

5   know, all right?

6          THE DEFENDANT: Yes, sir.

7          MR. MANGO: Nine, the Government and the defendant agree

8   to the sentencing guideline calculations set forth in this

9   agreement and neither party will advocate or recommend the

10  application of any other guideline or move for any guidelines

11  departure or move for or recommend a sentence outside the

12  guidelines except as specifically set forth in this agreement.

13         A breach of this paragraph by one party will relieve the

14  other party of any agreements made in this plea agreement with

15  respect to sentencing motions and recommendations.

16         A breach of this paragraph by the defendant shall also

17  relieve the Government from any agreements to dismiss or not

18  pursue additional charges.

19         THE COURT: Do you understand that, sir?

20         THE DEFENDANT: Yes, sir.

21         THE COURT: Okay.

22         MR. MANGO: Ten, the defendant understands that the Court

23  is not bound to accept any sentencing guidelines calculation set

24  forth in this agreement, and the defendant will not be entitled to

25  withdraw the plea of guilty based on the sentence imposed by the

17

1    Court.

2          THE COURT: Okay.

3          MR. MANGO: Statute of limitations, 11 --

4          THE COURT: Is there any reason to read that,

5    Ms. Schechter?

6          MS. SCHECHTER: No, Judge.

7          THE COURT: You went over it with him?

8          MS. SCHECHTER: Yes.

9          THE COURT: How about Government's rights and

10   reservations, any reason to read that?

11         MS. SCHECHTER: No, I already talked to him about that.

12         THE COURT: Okay, let's go to appeal rights.

13         MR. MANGO: Yes, Your Honor.

14         MS. SCHECHTER: Could I retract that statement, Judge?  I

15   do want to add, though, that the Government is agreeing to not

16   oppose a recommendation that the Court sentence him to 180 months.

17         THE COURT: Okay.

18         MR. MANGO: That's correct, Your Honor.

19         THE COURT: Oh, all right, fine.

20         MR. MANGO: Yup.  Appeal rights, 17.  The defendant

21   understands that Title 18, United States Code, Section 3742

22   affords the defendant a limited right to appeal the sentence

23   imposed.

24         The defendant, however, knowingly waives the right to

25   appeal and collaterally attack any component of the sentence

18

1  imposed by the Court which falls within or is less than the

2  sentencing range for imprisonment, a fine and supervised release

3  set forth in Section III, paragraph 8 above, notwithstanding the

4  manner in which the Court determines the sentence.

5          In the event of an appeal of the defendant's sentence by

6  the Government, the defendant reserves the right to argue the

7  correctness of the defendant's sentence.

8          THE COURT: You understand that, sir?

9          THE DEFENDANT: Yes, sir.

10         THE COURT: Okay.

11         MR. MANGO: 18, the defendant understands that by

12 agreeing to not collaterally attack the sentence, the defendant is

13 waiving the right to challenge the sentence in the event that in

14 the future the defendant becomes aware of previously unknown facts

15 or a change in the law which the defendant believes would justify

16 decrease in the defendant's sentence.

17         19, the Government waives its right to appeal any

18 component of the sentence imposed by the Court which falls within

19 or is greater than the sentencing range for imprisonment, a fine

20 and supervised release set forth in Section III, paragraph 8

21 above, notwithstanding the manner in which the Court determines

22 the sentence.

23         However, in the event of an appeal from the defendant's

24 sentence by the defendant, the Government reserves its right to

25 argue the correctness of the defendant's sentence.

19

1          THE COURT: You understand that, sir?

2          THE DEFENDANT: Yes, sir.

3          THE COURT: This is pretty much your day in court, okay?

4    As long as the sentence is consistent with the terms and

5    conditions of the plea agreement.

6          If I decided a higher sentence -- I'm not suggesting I'm

7    going to do that -- if I decided to give you life imprisonment and

8    you disagreed with that -- obviously, you would -- you would say,

9    Judge, that's just totally unreasonable.  You could appeal that.

10         THE DEFENDANT: Yes, sir.

11         THE COURT: But, otherwise, no appeal.  I'm not

12   suggesting that's going to happen, but I want you to at least be

13   aware of it, okay?  Okay.

14         MR. MANGO: Forfeiture provisions, Your Honor,

15   essentially the defendant is agreeing to forfeit the firearm, one

16   Taurus .45 handgun and 41 rounds of .45 ammunition, and does not

17   oppose the entry of a preliminary order of forfeiture as part of

18   this plea.

19         THE COURT: All right.

20         MR. MANGO: Total agreement and affirmations, 22.  This

21   plea agreement represents the total agreement between the

22   defendant, Ronald E. Evans, and the Government.  There are no

23   promises made by anyone other than those contained in this

24   agreement.  This agreement supersedes any other prior agreements,

25   written or oral, entered into between the Government and the

20

1   defendant.  It's signed today, Your Honor, by myself on behalf of

2   the U.S. Attorney for the Western District of New York.

3            There's a further statement which says I've read this

4   agreement which consists of 11 pages.  I've had a full opportunity

5   to discuss this agreement with my attorney, Kimberly Schechter.  I

6   agree that it represents the total agreement reached between

7   myself and the Government.  No promises or representations have

8   been made to me other than what is contained in this agreement.  I

9   understand all of the consequences of my plea of guilty.  I fully

10  agree with the contents of this agreement.  I am signing this

11  agreement voluntarily and of my own free will.  Signed by the

12  defendant and Ms. Schechter.  It's dated today, Your Honor.

13           THE COURT: Well, sir, we've gone over the agreement in

14  court; you indicate you understand it.  Your lawyer says she's

15  gone over it with you; she's satisfied that you understand it.

16  You signed it indicating you understand it.

17           Any questions, sir?

18           THE DEFENDANT: No, sir.

19           THE COURT: Are these all the terms and conditions of the

20  plea agreement which we just read here in court?

21           THE DEFENDANT: Yes, sir.

22           THE COURT: No one's made any other promises to you, have

23  they?

24           THE DEFENDANT: Not to my knowledge.

25           THE COURT: How old are you, Mr. Evans?

21

```
 1              THE DEFENDANT: 53.

 2              THE COURT: 53?

 3              THE DEFENDANT: Yes.

 4              THE COURT: And where were you born and raised?

 5              THE DEFENDANT: Buffalo, New York.

 6              THE COURT: Sir, why don't you crank that up for me?

 7   That goes up, make it a little easier for him.  I think

 8   Ms. Mariano was probably here before, it was a little lower.

 9              Where did you go to school?

10              THE DEFENDANT: Grover Cleveland and Lafayette.

11              THE COURT:  Did you graduate?

12              THE DEFENDANT: No, I didn't.  I got my GED.

13              THE COURT: Okay.  And did you -- how did you do in

14   school overall?

15              THE DEFENDANT: Overall, very well.

16              THE COURT: Did you play any sports?

17              THE DEFENDANT: I ran track for Lafayette.

18              THE COURT: You ran track?  Were you any good?

19              THE DEFENDANT: Came in fifth.

20              THE COURT: Okay.  And that was in the city or --

21              THE DEFENDANT: Yes, sir.

22              THE COURT: Is that 100 yards or what was that?

23              THE DEFENDANT: No, it was the marathon.

24              THE COURT: Marathon?  How far is that?

25              THE DEFENDANT: It's around Delaware Park four times.
```

22

```
 1              THE COURT: Really?  Well, Mr. Evans, I did that when I
 2    was in high school.  Do you enjoy that?
 3              THE DEFENDANT: Yeah, I like to run.
 4              THE COURT: I hate it.  But I got a letter; I was the
 5    only sophomore in high school with a big C sweater.  The only
 6    sophomore.  But I didn't like it.  It was always in the fall and
 7    it was always raining and cold and damp and leaves were all over
 8    the place and -- I'm sure you're interested in that, but I --
 9    you're the first person I've ever known that ever ran the marathon
10    around Delaware Park three times.
11              THE DEFENDANT: Four.
12              THE COURT: Four times.  I don't know if I made it -- I
13    must have made it four or they wouldn't have given me the letter.
14              What kind of work have you had over the years?
15              THE DEFENDANT: I was -- at the time I was self-employed,
16    I was building homes and restaurants in North Carolina.
17              THE COURT: How did you know how to do that?
18              THE DEFENDANT: Picked it up.
19              THE COURT: You were going to build a house yourself?
20              THE DEFENDANT: I have.
21              THE COURT: You have built a house?
22              THE DEFENDANT: Yes, sir.
23              THE COURT: Did it fall down or -
24              THE DEFENDANT: No.
25              THE COURT: You've actually built a house with a kitchen
```

1   and a bathroom?

2          THE DEFENDANT: Several.

3          THE COURT: Really?  You just learned it on your own?

4          THE DEFENDANT: Yup.

5          THE COURT: Are you married?

6          THE DEFENDANT: Yes, sir.

7          THE COURT: Does your wife work?

8          THE DEFENDANT: Yes, she does.

9          THE COURT: What does she do?

10         THE DEFENDANT: She's a administrative assistant in

11  North Carolina right now.

12         THE COURT: Okay.  Do you have any children?

13         THE DEFENDANT: Yes, I do.  Four.

14         THE COURT: What are their ages?

15         THE DEFENDANT: 33, 32, 26.

16         THE COURT: Okay.  What kind of hobbies do you have?

17  What do you like to do?

18         THE DEFENDANT: I fish.

19         THE COURT: What kind of fishing?

20         THE DEFENDANT: Any kind I can get.

21         THE COURT: What's the biggest fish you ever caught?

22         THE DEFENDANT: Six pounder.

23         THE COURT: Where?

24         THE DEFENDANT: North Carolina.

25         THE COURT: What did you do with it?

24

1           THE DEFENDANT: Ate it.

2           THE COURT: Was it any good?

3           THE DEFENDANT: Fair.

4           THE COURT: What kind of fish was it?

5           THE DEFENDANT: Mudcat.

6           THE COURT: What kind?

7           THE DEFENDANT: It was a catfish.  They call them

8    mudcats.

9           THE COURT: Catfish.  They're river --

10           THE DEFENDANT: Yeah.

11           THE COURT: -- in the bottom of the river.  Six pounds?

12   Did you cook it yourself or did your wife cook it?

13           THE DEFENDANT: No, I don't know how to cook no catfish.

14           THE COURT: Are you seeing a doctor for any reason right

15   now?

16           THE DEFENDANT: No, sir.

17           THE COURT:  How about a psychiatrist?

18           THE DEFENDANT: I mean, I have high blood pressure.

19   That's it.

20           THE COURT: Okay.  You seeing a psychiatrist?

21           THE DEFENDANT: No, sir.

22           THE COURT: You ever been hospitalized, treated for

23   narcotic addiction?

24           THE DEFENDANT: No.

25           THE COURT: Are you presently under the influence of any

25

1    drug, medicine or alcohol?

2           THE DEFENDANT: No, sir.

3           THE COURT: Ms. Schechter, your client's obviously

4    intelligent, alert, focused, attentive . Clearly he understands

5    everything I'm saying and does not appear to be under the

6    influence of any drug, medicine or alcohol.

7           Is that consistent with your observations?

8           MS. SCHECHTER: Yes, Judge, it is.

9           THE COURT: Now, sir, has anyone forced you to plead

10   guilty?

11          THE DEFENDANT: No, sir.

12          THE COURT: Anyone threaten you in any way?

13          THE DEFENDANT: No.

14          THE COURT: You're willing to plead guilty, you discussed

15   the matter with Ms. Schechter, she discussed it with Mr. Mango,

16   based on those discussions this plea agreement was prepared and

17   that's basically how this all came about, true?

18          THE DEFENDANT: Correct.

19          THE COURT: And you understand all the possible

20   consequences?  We talked about paragraph 1; we talked about the

21   guidelines; the forfeiture; the possible fine; the cost; the

22   mandatory special assessment of $100.

23          Do you understand all that, sir?

24          THE DEFENDANT: Yes, sir, I do.

25          THE COURT: Do you understand that as long as the

26

1  sentence is consistent with the terms and conditions of the plea

2  agreement, that there would be no appeal?  This would be pretty

3  much your day in court.

4          THE DEFENDANT: Yes, sir.

5          THE COURT: And do you understand that -- well, you have

6  a criminal history category VI, so you may have in all likelihood

7  already lost certain rights.  But if you haven't, this conviction

8  would certainly cause you to lose those rights, like the right to

9  vote, the right to hold public office, the right to serve on a

10  jury, the right to possess a firearm, certain civil service type

11  jobs, you may be deprived of that.

12          Do you understand that, sir?

13          THE DEFENDANT: Yes.

14          THE COURT: And do you understand that, all the possible

15  consequences?  As I said, we talked about paragraph 1, we talked

16  about the guidelines.

17          Do you understand all that, sir?

18          THE DEFENDANT: Yes, I do.

19          THE COURT: And do you understand that you have a right

20  to plead not guilty, which you've done up to the present time?

21  And you have a right to persist in that plea of not guilty, and

22  you have a right to a fair trial in this courtroom where a jury of

23  12 people will decide whether you're guilty or not guilty.

24          First of all, I would be the judge.  To the best of my

25  ability, I would conduct the trial fairly and impartially.  I have

27

1  no interest in this case other than making sure that you and the

2  Government get a fair trial.

3          In picking that jury, we would summon in the courtroom

4  here probably around 50 to 75 people from our jury list, people

5  that live in this district.  They would be in the courtroom, you

6  would be in the courtroom, they would be put under oath.  I would

7  ask them questions about their fairness, their impartiality.

8          If there were anyone in that group that would not be

9  fair and impartial, that person would be excused, removed from

10  consideration.  And you would have input on that through your

11  lawyer here.  You could say that guy has already made up his mind,

12  he's not gonna give me a fair shake.  If it seems reasonable, I

13  will agree with you, that person would be gone.

14          Also, you would have a right to remove up to ten people

15  for any reason you want other than race or gender.  You couldn't

16  say I don't want any women on my jury or I don't want any men on

17  my jury.  You can't do either one.  Or any -- or exclude any race

18  of people.  It's just against the law to do that.  Other than

19  that, you can remove up to ten people.  You can say, you know,

20  there's something about that guy I just don't like, and that

21  person would be gone.  You can do that ten times.

22          Ms. Schechter would represent you.  You have a right to

23  hear it, see all the witnesses, have her cross-examine those

24  witnesses.  After the Government's rested its case, you can put on

25  a defense.  You could subpoena any records or any individuals that

28

1   have any information relative to your defense, but you don't have

2   to do anything.   You have no burden to prove a thing.

3          The burden is on the Government to prove beyond a

4   reasonable doubt that you were guilty, and that has to be to the

5   satisfaction of all 12 jurors.

6          Do you understand that, sir?

7          THE DEFENDANT: Yes, sir.

8          THE COURT: By entering a plea of guilty, accepted by the

9   Court, there would be no trial, you would have waived your right

10  to trial, as well as all the other rights we talked about.

11         Do you understand that?

12         THE DEFENDANT: Yes, sir, I do.

13         THE COURT: You do this knowingly, voluntarily?   You

14  understand all the possible consequences?

15         THE DEFENDANT: True.

16         THE COURT: Any questions, sir?

17         THE DEFENDANT: No, sir.

18         THE COURT: Counsel, any reason why I should not accept

19  the plea in this case?

20         MR. MANGO: No, Your Honor.

21         MS. SCHECHTER: No.

22         THE COURT: You both satisfied I met all requirements of

23  Rule 11?

24         MR. MANGO: Yes, Your Honor.

25         MS. SCHECHTER: I am.

29

1          THE COURT: Just one second.

2          How do you plead, sir, to Count 6, guilty or not guilty?

3          THE DEFENDANT: Guilty.

4          THE COURT: It is the finding of the Court the defendant

5   is fully competent and capable of entering an informed plea.  His

6   plea of guilty is a knowing and voluntarily plea supported by an

7   independent basis in fact to each of the essential elements of the

8   offense charged.  The plea is, therefore, accepted and he's now

9   adjudged guilty of Count 6.

10          Sentencing is scheduled for December 1st at 12:30.

11          A written presentence report will be prepared by the

12   Probation Office to assist the Court in imposing sentence.  You'll

13   be afforded an opportunity to meet with the probation officer,

14   sir.  Your attorney should be present.  You will receive a copy of

15   the report, as well as your attorney.

16          You will be able to file any additional information or

17   any motions or any memorandum that are consistent with the terms

18   and conditions of the plea agreement.  And both you and your

19   attorney will have an opportunity to address the Court at time of

20   sentencing, as well as the Government, and say anything you wish

21   to say in mitigation of the sentence.

22          Scheduling for the following of all papers will be as

23   follows --

24          THE CLERK: The initial presentence report will be due

25   October 18th.

30

1          The statement of the parties with respect to sentencing

2    factors and objections, if any, and motions, if any, will be due

3    November 10.

4          Responses to any objections or responses to any motions

5    will be due November 17th.

6          Any motion to adjourn this sentencing date will be due

7    November 21st.

8          Final presentence report will be due November 25th.

9          And any character letters and/or sentencing memorandum

10   in support of the defendant will be due November 25th.

11          THE COURT: All right.  Anything further?

12          MS. SCHECHTER: No.

13          MR. MANGO:  I don't believe so, Your Honor.

14          THE COURT: All right.  Have a good day, Mr. Evans.

15   Thank you.

16          THE DEFENDANT:  Thank you.

17          (WHEREUPON, the proceedings adjourned at 2:27 p.m.)

18                    CERTIFICATE OF TRANSCRIBER

19        I certify that the foregoing is a correct transcript to the

20   best of my ability from the official electronic sound recording of

21   the proceedings in the above-entitled matter.

22

23   S/ Christi A. Macri

24   Christi A. Macri, FAPR-RMR-CRR-CRI
     Official Court Reporter

25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                    **09-CR-376-RJA**

           v.                              **NOTICE OF MOTION**

RONALD EVANS,

          Defendant.

_____

| | |
|---|---|
| **MOTION BY:** | Kimberly A. Schechter, Assistant Federal Public Defender. |
| **DATE, TIME & PLACE:** | Before the Honorable Richard J. Arcara, United States District Judge, United States Courthouse, 68 Court Street, Buffalo, New York, **on a date to be set by the Court.** |
| **SUPPORTING PAPERS:** | Affirmation of Kimberly A. Schechter, dated October 27, 2011. |
| **RELIEF REQUESTED:** | Request to Withdraw As Counsel. |
| **DATED:** | Buffalo, New York, October 27, 2011. |

                              **/s/ Kimberly A. Schechter**
                              Kimberly A. Schechter
                              Assistant Federal Public Defender
                              Federal Public Defender's Office
                              300 Pearl Street, Suite 200
                              Buffalo, New York 14202
                              (716) 551-3341, (716) 551-3346 (Fax)
                              kimberly_schechter@fd.org.
                              Attorney for Defendant Ronald Evans

**TO:**    Aaron J. Mango
           Assistant United States Attorney

AO 72A
(Rev. 8/82)

A-72

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,                          **09-CR-376-RJA**

v.                                                  **AFFIRMATION**

RONALD EVANS,

                    Defendant.

---

**KIMBERLY A. SCHECHTER,** affirms under penalty of perjury that:

I am an Assistant Federal Public Defender in the Western District of New York and was assigned to represent Ronald Evans on September 1, 2009. I make this motion requesting that I be able to withdraw as counsel for Mr. Evans based on the grounds that I have an actual conflict.

On October 25, 2011, I received a letter from Mr. Evans advising that he has filed a complaint against me with the New York State Bar Association because it is his belief that my representation of the handling of his case has been below the minimum standard of acceptance guaranteed by the United States Constitution. As such, I now have an actual conflict of interest. Moreover, I believe that we have reached the point where our communications cannot be restored based on his formal filing of the grievance, along with other problems in communicating.

AO 72A
(Rev. 8/82)

Case 1:09-cr-00376-RJA-HKS    Document 56    Filed 10/27/11    Page 3 of 4

 

**WHEREFORE**, I respectfully request that I be able to withdraw as counsel for Mr. Evans.

 

       **DATED**:      Buffalo, New York, October 27, 2011.

                        Respectfully submitted,

                        **/s/Kimberly A. Schechter**
                        Kimberly A. Schechter
                        Assistant Federal Public Defender
                        Federal Public Defender's Office
                        300 Pearl Street, Suite 200
                        Buffalo, New York 14202
                        (716) 551-3341, (716) 551-3346 Fax
                        kimberly_schechter@fd.org
                        Counsel for Defendant Ronald Evans

**To:**    Aaron J. Mango
       Assistant United States Attorney

A-74

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          v.                                                    **09-CR-376-RJA**

RONALD EVANS,

             Defendant.

## **CERTIFICATE OF SERVICE**

I hereby certify that on **October 27, 2011**, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

    1.    Aaron J. Mango
             Assistant United States Attorney
             Western District of New York
             138 Delaware Avenue, Federal Centre
             Buffalo, New York   14202

And, I hereby certify that I have e-mailed the document to the following non-CM/ECF participant(s).

    1.

                                        **/s/ Joanne Sabatino**
                                        Joanne Sabatino, Legal Secretary
                                        Federal Public Defender's Office

A-75

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

              vs.

RONALD E. EVANS

                        Defendant

09-CR-376-RJA

**NOTICE OF MOTION
TO WITHDRAW PLEA**

| | |
|---|---|
| MOTION BY: | Robert N. Convissar, Attorney for Defendant, Ronald E. Evans |
| DATE, TIME, & PLACE | Before the Hon. Richard J. Arcara, District Judge, United States Courthouse, 2 Niagara Square, Buffalo, New York 14202 |
| SUPPORTING PAPERS: | Affidavit of Ronald Evans, dated March 15, 2012 |
| RELIEF REQUESTED: | To withdraw from a plea entered on July 26, 2012 |
| DATED: | Buffalo, New York, March 15, 2012 |

                                 *s/Robert N. Convissar, Esq,*

                                 Robert N. Convissar, Esq.
                                 Attorney for Defendant, Ronald E. Evans
                                 Office and P.O. Address
                                 112 Franklin Street
                                 Buffalo, New York 14202
                                 (716) 856-1969
                                 Email address: convissarlaw@verizon.net

TO:    Aaron J. Mango, Esq.
          Assistant United States Attorney

A-76

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              09-CR-376-RJA

              v.                              **AFFIDAVIT**

      RONALD E. EVANS

                    Defendant.

---

STATE OF NEW YORK......)
COUNTY OF ERIE..............)ss:
CITY OF BUFFALO............)

RONALD E. EVANS, being duly sworn deposes and says:

1.      I am the defendant in this matter, and as such am familiar with the facts and circumstances set forth within.

2.      I make this affidavit in support of my motion to be allowed to withdraw the plea I entered before District Judge Richard J. Arcara pursuant to a written plea agreement on July 25, 2012.

3.      At that time I was represented by the Federal Defender's Office and Kimberly A. Schechter, Esq. was my counsel, and had been from the beginning of the case.

4.      From the very beginning of the case, Ms. Schechter told me that I was facing a long federal sentence and that I should take a plea.

5.    From the outset, I maintained my innocence, but Ms. Schechter never took going to trial seriously.

6.    I had great difficulty in dealing with and relating to Ms. Schechter because all she kept advising me was to take a plea and not go to trial.

7.    At one point, I demanded that her supervisor, Ms. Mariano, review the file with me. Following that review, Ms. Mariano also advised that I should take a plea despite my maintaining, at that time, the desire to go to trial.

8.    Through March, April, May and June, I continued to advise my attorney that I wanted to go to trial and that I would not take a plea.

9.    During this period, Ms. Schechter continually told me that I had to take a plea; that a trial would be futile; that I would lose at trial and that I would go to jail for a period in excess of 24 years.

10.    I believed that I was stuck with Ms. Schechter as my attorney and that I had no options to change counsel.

11.    Although Ms. Schechter said she would take the case to trial, I had lost faith with her willingness to fight hard for me at trial, since she already told me it was futile.  This occurred on the eve of jury selection and trial.

12.    Based on these factors, my will was overborne and I agreed to take the plea rather than go to trial with an attorney who I believed would not fight for me.  My plea was not voluntary.

13.    Prior to the actual court proceeding on July 26, 2012, Ms. Schechter told me what I had to say to get the plea. She told me that I had to answer yes to the questions put to me by the

Court regarding the issue of voluntariness, satisfaction with my attorney, understanding the effect of the plea, the factual basis and the penalty I was facing.

14. On July 26, 2012, under the twin pressures put on me by my attorney and the immediacy of the upcoming trial, I did what I was told.

15. Thereafter, a proffer session was held and quickly ended when I denied making the statement that the arresting officers claimed I made at the time of my arrest.

16. After that, Ms. Schechter visited me at the Chautauqua County Jail in Mayville, New York. She told me that she worked hard to get me the 15 year plea and threatened me that if I made trouble with the plea, that the Court could sentence me to an even longer sentence.

17. I did not appreciate being threatened and thereafter sought leave of the Court for new counsel to be appointed to look into this matter and file a motion to withdraw my plea.

18. I believe that I have a fair and just reason for withdrawing my plea which I have explained herein.

19. I have met on a number of occasions with Mr. Convissar. He has advised me as to the law pertaining to motions of this type and  the possible consequences of my making this motion.  I am aware that even if this motion is denied, that the making of this motion could effect the sentence I receive.  I understand the risks and have directed that this motion be made.

20. It is clear that I always wanted to go to trial in this case.  I respectfully request that the Court grant my motion, relieve me from the plea, and schedule this matter for trial. I am prepared to accept the risk of trial and to face a possible sentence of 24 years or more.

21. Wherefore, by reason of the foregoing, the Defendant respectfully moves for an Order directing that he be allowed to withdraw his plea of guilty previously entered herein

## MOTION FOR LEAVE TO MAKE REPLY OR OTHER MOTIONS

22.    The Defendant respectfully moves the Court for an order allowing the Defendant

to make further and additional motions which may be necessitated by due process of law, by the

Court's ruling on the relief sought herein, and/or by any information provided by the government

in response to the defendant's motion or by order of this Court.  In addition, the defendant

specifically requests that he be afforded the opportunity to submit reply affidavits and/or

memorandums of law based upon any response by the government to these moving papers.


*s/Ronald E. Evans*


_____

RONALD E. EVANS

Sworn to before me this 15th
day of March, 2012
*s/Robert N. Convissar, Esq.*


_____
Robert N. Convissar, Esq.
Notary Public, State of New York
Qualified in Erie County
My commission expires 12/16/14

## CERTIFICATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

RONALD E. EVANS,                Docket #: 09-CR-376-RJA

              Defendant

---

      I hereby certify that on March 15, 2011, I electronically filed the foregoing motion with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participant on this case:

ADDRESSEE:      Aaron J. Mango, Esq.
                    Assistant United States Attorney
                    United States Attorney's Office
                    138 Delaware Avenue
                    Buffalo, New York 14202
                    aaron.j.mango@usdoj.com

                    All counsel of record (CM/ECF participants) as indicated on the Clerk's docket sheet) and on the notice of electronic filing for this filing

                    ROBERT N. CONVISSAR, ESQ
                    /s/ Robert N. Convissar, Esq.
                    Robert N. Convissar, Esq.
                    Attorneys for Defendant
                    Ronald E. Evans
                    Office and P.O. Address
                    112 Franklin Street
                    Buffalo, New York 14202
                    (716) 856-1969
                    convissarlaw@verizon.net

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                          09-CR-376

RONALD E. EVANS

          Defendants.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW PLEA

**THE UNITED STATES OF AMERICA**, by and through its attorney, William J. Hochul, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's motion to withdraw his plea of guilty (Dkt. #65) (hereinafter "Motion").

### BACKGROUND

On November 19, 2009, the defendant, Ronald Evans, and co-defendant Tashine Knightner were indicted and charged with one count of manufacturing counterfeit currency in violation of Title 18, United States Code, Section 471, three counts of uttering counterfeit currency in violation of Title 18, United States Code, Section 472, one count of conspiracy to make and utter counterfeit currency in violation of Title 18, United States Code, Section 371, and the defendant alone was charged with one count of unlawful

A-82

possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), and one forfeiture count relating to the firearm.

On June 29, 2011, the Court set the defendant's case for trial, with jury selection to begin on August 1, 2011. On July 26, 2011, the defendant plead guilty, pursuant to a written plea agreement, Count 6 of the Indictment charging a violation of Title 18, United States Code, 922(g)(1) and 924(e) (felon in possession of a firearm and ammunition/armed career criminal). See Dkt. #52. In the plea agreement, the defendant admitted to the factual basis for the plea, and acknowledged that he understood all of the terms of the plea and that his plea was voluntary. A transcript of the plea hearing has been obtained. See Dkt. #60.

On October 27, 2011, the defendant's attorney, Kimberly Schechter, moved to withdraw as counsel (Dkt. #56). As grounds for Attorney Schechter's motion, she stated that the defendant had filed a complaint against her with the New York State Bar Association. On November 7, 2011, the Court granted Attorney Schechter's motion, and appointed Attorney Robert Convissar to represent the defendant.

On March 15, 2012, the defendant filed the instant motion to

A-83

withdraw his guilty plea, arguing that he "had great difficulty in dealing with a relating to Ms. Schechter because all she kept advising me was to take a plea and not go to trial."  Dkt. #65, ¶6.

## ANALYSIS

### I.    The Defendant Cannot Show a Fair and Just Reason for Withdrawing His Guilty Plea

Under Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea before sentencing for "any fair and just reason."  Fed. R. Crim. P. 11(d)(2)(B).  However, a defendant has no absolute right to withdraw a guilty plea.  United States v. Figueroa, 757 F.2d 466, 475-76 (2d Cir. 1985).  A defendant who seeks to withdraw his or her plea bears the heavy burden of showing that there are valid grounds for withdrawal. United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002).  "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea."  United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992).  A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw his guilty plea.  United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

To determine whether a "fair and just" reason to allow the

3

withdrawal exists, the Court should consider "1) the amount of time between the plea and the motion to withdraw; 2) whether the defendant is now asserting [his] legal innocence; and 3) the prejudice, if any, to the government." Couto, 311 F.3d at 185. There is a strong societal "interest in the finality of guilty pleas, and allowing withdrawal of pleas undermines confidence in the integrity of our judicial procedures, increases the volume of judicial work, and delays and impairs the orderly administration of justice." United States v. Sweeney, 878 F.2d 68, 70 (2d Cir. 1989) (internal quotation marks and alterations omitted).

Although prejudice to the government is a factor to be considered by the court, the government does not need to show prejudice until a defendant makes a showing of a valid reason for withdrawal. United States v. Maher, 108 F.3d 1513, 1529 (2nd Cir. 1997). Whether the motion to withdraw the plea should be granted is a question left to the broad discretion of the trial court. United States v. Saft, 558 F.2d 1073, 1083 (2d Cir. 1977). A district court's denial of a motion to withdraw a plea of guilty is reviewed only for abuse of discretion. See United States v. Vega, 11 F.3d 309, 313 (2d Cir. 1993); United States v. O'Hara, 960 F.2d 11, 13-14 (2d Cir. 1992).

In United States v. Aine, 386 Fed. Appx. 16, 2010 WL 2926030

(2d Cir. 2010), the defendant argued that his plea was not knowing and voluntary because, in part, the defendant lacked confidence in counsel and adequate time to make a plea decision. The Second Circuit examined in detail the plea colloquy between the defendant and the district court, and concluded that there was

> no error, much less plain error, in the district court's conclusion that Aine's plea was knowing and voluntary. While Aine contends that he "had little choice" but to plead guilty ... this assertion is contradicted by his sworn allocution that his plea was voluntary and not motivated by any improper influence.

Id. at *20-21. See also United States v. Deacon, 413 Fed. Appx. 347, 2011 WL 802399 (2d Cir. 2011).

In the present case, the defendant's assertions directly contradict his statements made at the plea allocution. During the defendant's plea allocution, the following exchanges took place, which show the defendant understood his guilty plea, discussed his guilty plea with Attorney Schechter, expressed no dissatisfaction with Attorney Schechter's advice and counsel, and that the defendant entered the guilty plea voluntarily, intelligently, and under no threats or coercion:

THE COURT:      Ms. Schechter, you've gone over Count 6 with your Client? Are you satisfied he understands it?

MS. SCHECHTER: He understands it.

THE COURT:      Any reason for me to go through any further explanation?

5

MS. SCHECHTER: No.

THE COURT:        And you also reviewed with him the - his rights under Rule 11, right to a trial, right to a lawyer, et cetera?  He understands it?

MS. SCHECHTER: Yes, I did.  And he understands.

THE COURT:        And the terms and conditions of the plea agreement?

MS. SCHECHTER: Yes.

THE COURT:        Now, Mr. Evans, you've discussed this whole situation with your attorney, she's explained to you what your legal rights are, what your legal options are.  You may not have liked what she had to tell you, but she's not here to make you feel good; she's here to be your legal advisor.

                  And apparently based on those discussions, you're here today to waive certain rights and to plead guilty to this charge, Count 6, under the terms and conditions of the plea agreement.

                  Are you fully satisfied with the advice and counsel you received from your lawyer?

THE DEFENDANT: Yes, sir.

THE COURT:        Any complaints?

THE DEFENDANT: No.

                              ...

MR. MANGO:        There's a further statement which says I've read this agreement which consists of 11 pages.  I've had a full opportunity to discuss this agreement with my attorney, Kimberly Schechter.  I agree that it represents the total agreement reached between myself and the

6

Case 1:09-cr-00376-RJA-HKS   Document 66   Filed 03/30/12   Page 7 of 13

                    Government.    No    promises    or
                    representations have been made to me
                    other than what is contained in this
                    agreement.    I understand all of the
                    consequences of my plea of guilty.    I
                    fully agree with the contents of this
                    agreement.   I am signing this agreement
                    voluntarily and of my own free will.
                    Signed   by   the   defendant   and   Ms.
                    Schechter.  It's dated today, Your Honor.

THE COURT:          Well, sir, we've gone over the agreement
                    in court; you indicate you understand it.
                    Your lawyer says she's gone over it with
                    you; she's satisfied that you understand
                    it.    You signed it indicating you
                    understand it.

                    Any questions, sir?

THE DEFENDANT: No, sir.

                              ...

THE COURT:          Now, sir, has anyone forced you to plead
                    guilty?

THE DEFENDANT: No, sir.

THE COURT:          Anyone threaten you in any way?

THE DEFENDANT: No.

THE COURT:          You're willing to plead guilty, you
                    discussed the matter with Ms. Schechter,
                    she discussed it with Mr. Mango, based on
                    those discussions this plea agreement was
                    prepared and that's basically how this
                    all came about, true?

THE DEFENDANT: Correct.

Dkt. #60, pp. 4-5, 20, 25.  The Court then addressed the

defendant's right to plead not guilty, persist in that plea, and

                              7

his right to a jury trial in which he would be represented by counsel. Dkt. #60, pp. 26-28.

Based on the record of the plea allocution held on July 26, 2011, the defendant understood his guilty plea, discussed his guilty plea with Attorney Schechter, and expressed no dissatisfaction with Attorney Schechter's advice and counsel. Moreover, the defendant entered the guilty plea voluntarily and intelligently and under no threats or coercion.  Since the defendant's assertions in his motion to withdraw his guilty plea directly contradict his statements at his plea agreement, as a matter of law, the defendant has no valid ground for his motion to withdraw his guilty plea.  Accordingly, the defendant's motion should be denied.

**II.  The Defendant's Plea Was Valid and Made Voluntarily and Intelligently; thus, the Defendant's Motion Should Be Denied and Not Afforded A Hearing**

Statements at plea allocution carry a strong presumption of verity and subsequent allegations unsupported by specifics are subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977).  In order to justify an evidentiary hearing, a defendant must present some significant questions concerning the voluntariness or general validity of the plea.

United States v. Diaz, 176 F.3d 52, 114 (2d Cir. 1999). A guilty plea is valid if it's done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. United States v. Adams, 448 F.3d 492, 497 (2d Cir. 2006).

The district court may deny a motion to withdraw a guilty plea without holding an evidentiary hearing if the defendant's allegations "merely contradict [his] earlier statements made under oath at his plea allocution." United States v. Gonzalez, 970 F.2d 1095, 1101; see also United States v. Diaz, 176 F.3d 52, 114 (2d Cir. 1999); United States v. Torres, 129 F.3d 710, 715-16 (2d Cir. 1997). If a defendant makes a motion to withdraw a plea on the grounds that it was not knowingly and voluntarily made, that motion may be denied without a hearing when the allegations are "inherently incredible" or "simply conclusory." Gonzalez, 970 F.2d at 1100. In United States v. March, 382 Fed.Appx. 76, 77, (2d Cir. 2010), the Second Circuit found no abuse of discretion when the district court rejected the defendant's claim that his former counsel's ineffective assistance invalidated his guilty plea because the defendant affirmed under oath the adequacy of his former counsel's representation, and stated that he was satisfied and had sufficient time to discuss the charges and his decision to

plead guilty.  <u>See</u> <u>also</u> <u>United States v. Gunn</u>, 419 Fed.Appx. 106, 109 (2d Cir. 2011) (same).

As discussed above, the defendant's assertions are entirely inconsistent with his previous statements made during his plea hearing held on July 26, 2011.  This Court carefully examined the defendant and the defendant clearly assured the Court that he understood the guilty plea and had no questions with respect to the agreement.  The Court asked the defendant if his guilty plea was knowing and voluntary and the defendant responded in the affirmative.  The Court asked the defendant whether the plea was a result of any force or promises beyond those contained in the plea and the defendant responded in the negative.  Accordingly, this Court should deny the defendant's motion without a hearing because the defendant's allegations are completely inconsistent with the defendant's previously sworn statements to the Court.

**III. The Defendant's Failure To File His Motion to Withdraw for Nearly Eight Months After This Court's Acceptance of His Guilty Plea Weighs Heavily Against Him**

The timing of the defendant's motion seriously undermines his present claim that his guilty plea was made involuntarily and that he had ineffective assistance of counsel.  As already stated, the defendant plead guilty on July 26, 2011, and ultimately filed his motion to withdraw his plea on March 15, 2012.  In <u>United States v.</u>

Harris, 160 F.2d 507, 509 (2d Cir. 1947), the Second Circuit held that it was not an abuse of discretion on the part of the district court to deny defendants' motion to withdraw pleas of guilty where almost five months has elapsed from time of guilty pleas, and there was no outright claim of innocence.  See also United States v Piris, 599 F.Supp.2d 205, 215-16 (D. Conn 2009) (denying the defendant's motion to withdraw his plea, in part, because he waited five months to file his motion); Gonzalez, 970 F.2d at 1100 (the defendant's "assertion of his innocence is undercut by its timing, coming nearly seven months after the plea."); United States v. Mendez, 1996 WL 665637, *7 (S.D.N.Y. Nov. 15, 1996) (55-day delay "severely weakens" the defendant's position on his motion to withdraw guilty plea).

Here, defendant waited nearly eight months to make a motion to withdraw his guilty plea.  Moreover, the defendant has failed to state a valid ground for such a withdrawal.  In view of these circumstances and the strong societal interest in the finality of guilty pleas, the defendant's motion to withdraw his guilty plea should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court to deny the defendant's motion to withdraw his guilty plea, and do so without an evidentiary hearing.


DATED:   Buffalo, New York, March 30, 2012.

       Respectfully submitted,

       WILLIAM J. HOCHUL, JR.
       United States Attorney

       ***S/ AARON J. MANGO***

BY:    _____
       AARON J. MANGO
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5700 ext. 882
       aaron.mango@usdoj.gov

A-93

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

         v.                                    09-CR-376

RONALD E. EVANS

         Defendants.

## CERTIFICATE OF SERVICE

    I hereby certify that on September 21, 2010, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW PLEA** with the Clerk of the District Court using its CM-ECF system, which would then electronically notify the following CM/ECF participants on this case:

         Robert N. Convissar, Esq.

         *S/ KATHLEEN M. RIEMAN*

         KATHLEEN M. RIEMAN

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                    **09-CR-376-RJA**

     v.                                **AFFIDAVIT IN RESPONSE TO**
                                             **MOTION TO VACATE PLEA**

RONALD EVANS,

      Defendant.

_____

STATE OF NEW YORK  )
COUNTY OF ERIE    ) ss:
CITY OF BUFFALO   )


  **KIMBERLY A. SCHECHTER**, being duly sworn, deposes and states:


  1.  This affidavit is submitted at the Court's direction in response to Ronald Evans'

motion to withdraw his plea (*see* Document #65).


           **Preparing the Case for Trial**


  2.  Mr. Evans' case was prepared for trial starting from the initial assignment to this

office. I went to the Secret Service Office and reviewed all of the evidence seized from the

search of 55 Dorris Avenue. I met with the case agent and the prosecutor, who explained the

items and where they were seized. I then wrote to Mr. Evans and summarized what I had

learned. I also subsequently reviewed over 1,000 pages of discovery over the course of my

representation of him. All of this information was shared with Mr. Evans as I learned of it.

AO 72A
(Rev. 8/82)

criminal history including charging documents, plea agreements, appellate briefs, judgments and

3.      Our office also gathered extensive documentation regarding Mr. Evans' prior criminal history including charging documents, plea agreements, appellate briefs, judgments and transcripts where available. I also spoke to his state appellate lawyer in North Carolina who represented Mr. Evans on a previous charge. I ordered a plea transcript to resolve a question relating to a particular conviction to determine whether it was an additional predicate act for purposes of the Armed Career Criminal Act. I researched all legal issues relating to Mr. Evans' other "predicate offenses" and exhaustively inspected all of the underlying records.

4.      I researched trial defense issues of fleeting and innocent possession and other theories. I also researched the constitutional issues which I raised in the pretrial motions to suppress and to sever the counterfeiting counts from the gun count. A suppression hearing was conducted where I cross-examined the Government's witnesses. I then prepared a post-hearing brief. When the motion was denied, I prepared Objections and an Appeal and argued those points before this Court. All of these issues were fully discussed with this office's research and writing attorneys, as well as with Mr. Evans. He was provided with copies of all documents, often accompanied by letters explaining the legal significance.

5.      We also conducted interviews of the witnesses to the charged events. In September 2009 and November 2009, I interviewed Mr. Evans' brother, Larry Evans. In October 2009, I interviewed Anna Allen, Mr. Evans' sister. I attempted to interview his co-defendant, Tashine Knightner, with her attorney's permission. I spoke to the Government's DNA expert, Michelle Stratton, in June 2011, about her expected testimony at the trial.

AO 72A
(Rev. 8/82)

6.    I also interviewed his wife concerning her knowledge of the reason for Mr. Evans'
presence in Buffalo, New York, and to examine her as a possible trial witness.  I made several
attempts to interview his mother and to re-interview his brother and sister when the trial was
approaching.   Mr. Evans was informed of the results of each interview, along with an opinion as
to whether they would be helpful to the theory of defense.

7.    Before he entered his plea, I had met with Mr. Evans nine times and spoke with
him on the telephone multiple times.  I sent him over 60 letters responding to his questions and
advising him of the status of the case, the legal issues, and the implications for him.  I sought his
input and assistance on our response to the government's proof and preparing for a defense.

8.    On July 21, 2011, at the ninth meeting, Marianne Mariano and I met with Mr.
Evans at the Chautauqua County Jail for over three hours to prepare him for trial.  We reviewed
the expected witness testimony, possible stipulations, issues that had arisen with our potential
witnesses, jury instructions and his right to testify.  At the time, the Government had extended a
plea offer and that was discussed with Mr. Evans as well.  He rejected that offer.

9.    We drafted our motion *in limine*, jury charge and witness list.  However, these
documents were not filed since Mr. Evans entered a guilty plea.

**The Government's proof against Mr. Evans**

10.    By the time he had entered his plea, I had carefully reviewed with Mr. Evans the evidence the Government intended to offer at trial on both the counterfeiting charge and the gun count. This included the following:

a.    Surveillance pictures of him with co-defendant Tashine Knightner at a Walmart store where counterfeit bills were passed on three occasions. These photos also depict his brother, Larry Evans, taking something from Mr. Evans after the purchases were made and then walking out of the store with them.

b.    A counterfeit bill was later recovered in Larry Evans' car on the day of the search of Ms. Knightner's home.

c.    Items depicted in the surveillance photos were later recovered from Ms. Knightner's house at 55 Dorris Avenue. These items included counterfeit bill making equipment such as a paper cutter and four inkjet cartridges. Also recovered were several counterfeit bills, a cable bill in Ron Evans' name, identification documents belonging to others, a wig, and a copy machine.

d.    Testimony of the investigating officers stated that during the search, Mr. Evans told them that there was a gun and knife in the night stand in the bedroom where he stayed with Tashine Knightner (his co-defendant). The officers then found the loaded gun and a knife in the night stand. A receipt for the Walmart purchases was also recovered. The officers would also testify that Ron Evans told them that his brother (Larry) had found the gun in the car and gave it to him. Mr. Evans also told them that the gun belonged to his sister who purchased it in North Carolina and that he knew that he was a convicted felon and was not supposed to have a gun.

e.    The testimony of his sister, Anna Allen. According to the sworn statement which she gave to ATF agents, her brothers, Ron and Larry Evans, along with co-defendant Tashine Knightner and her sister, came to Cary, North Carolina. Ron Evans asked her to buy the gun for him for protection in Buffalo. She agreed to do that and Ron Evans, along with his wife, Wilma Evans, his brother, Larry Evans, co-defendant Tashine Knightner, and Ms. Knightner's sister, all went to a gun store. Once there, Ron Evans pointed out the gun that he wanted her to buy. Ms. Allen also told the agents that Mr. Evans gave her the cash to pay for it and further, that she would not get in trouble if she answered "yes" to the question of whether she was the actual purchaser of the gun. She then placed the gun under

A-98

the front passenger seat and everyone knew it was there. Three months later, Ron and Larry Evans went back to Cary, North Carolina, and she put the gun under the driver's seat of Larry's truck and told Larry that it was there. Larry and Ron Evans later drove back to Buffalo with the gun in his truck. Larry later called to say that she had left it there and that he would bring it back later. Ms. Allen also told the agents about another gun, namely, a Jimeneze Arms pistol, that she had purchased while with Ron Evans. Ron Evans then moved to Buffalo when she noticed that this other gun was gone. Mr. Evans denied seeing that gun. Gun traces conducted by the ATF showed that this other gun was later recovered in Buffalo.

f.      DNA evidence indicating an extremely high probability that Mr. Evans' DNA was on the gun *to wit*: 1 in 4.31 billion that it was not his DNA.

g.      A witness who would testify at trial to the effect that he had observed Mr. Evans in possession of a gun during his distribution of counterfeit bills.[1]

h.      The possible testimony of Tashine Knightner. On October 22, 2010, Tashine Knightner pled guilty pursuant to a written plea agreement. The factual basis of her plea agreement implicates Mr. Evans in the counterfeiting conspiracy (Dkt. #27, p. 3). On April 13, 2011, a Sentencing Memorandum was filed on Ms. Knightner's behalf stating that the gun was Mr. Evans and identifying the counterfeiting scheme as his operation (Dkt. #36, p. 3). She had also given a sworn statement to the Secret Service indicating that Mr. Evans was involved in making and passing counterfeit bills. The Government had not yet filed its witness list at the time Mr. Evans entered his guilty plea. Mr. Evans was advised that she was a potential witness.

        This list is not considered to be exhaustive of the evidence likely to be offered at the trial, had there been one.

---

[1]

In its Response to Mr. Evans' motion to sever, the Government alleged that it had a witness who would testify at trial to the effect that he had observed Ron Evans in possession of a gun during his distribution of counterfeit bills. The Government had not yet filed a witness list when Mr. Evans entered his plea so this witness remains unidentified.

11.    All of the following procedural steps were also taken in preparing this case for trial:

     a.    On January 22, 2010, I filed pretrial motions on Mr. Evans' behalf, including a Suppression Motion and Motion to Sever.

     b.    On February 23, 2010, a Suppression Hearing was held.

     c.    On March 5, 2010, Mr. Evans submitted to a debriefing with the understanding that he was considering entering a guilty plea at some later point.

     d.    On April 9, 2010, I filed a Post-hearing Memorandum of Law.

     e.    On May 21, 2010, after the Magistrate Judge recommended that Defendant's motions were denied, I filed Objections to the Report and Recommendation and appealed the Decision and Order.

     f.    On September 28, 2010, I argued Defendant's Objections to the Report and Recommendation and this Court reserved decision.

     g.    On October 26, 2010, this Court denied Defendant's Objections and appeal and adopted the Report and Recommendation and Decision and Order.

     h.    On April 15, 2011, Mr. Evans requested that a new attorney be assigned.

     i.    On April 22, 2012, Mr. Evans advised the Court that he was satisfied with his attorney and withdrew his request.

     j.    Trial was set for August 1, 2012. The final pretrial conference was scheduled for July 28, 2012.

12.    Throughout the course of my representation, I also advised Mr. Evans of possible plea options. As stated above, on March 5, 2010, a year and a half before he entered his guilty plea, he met with the agents and submitted to a debriefing. Thereafter, following extensive consultation with my client, I made a written proposal to the Government for a particular plea offer in a letter dated May 4, 2011. That particular offer was rejected by the Government. In an effort to resolve this case short of trial, Mr. Evans submitted to a second debriefing on June 14,

AO 72A
(Rev. 8/82)

2011. After this debriefing, I reminded him that we were prepared to proceed to trial in this case. There were no debriefings after he entered his plea six weeks later on July 26, 2011.

**Advise of the potential consequences of going to trial**

13.     After reviewing the discovery provided by the Government, researching all legal issues, litigating suppression and severance issues, and conducting a thorough investigation, I advised Mr. Evans of my opinion of his chances for an acquittal at trial as to each charge. I warned him of the potential penalties he faced after trial.

14.     After consultation with Mr. Evans, I again communicated with the prosecutor about a possible plea offer. As to the plea offer that he eventually accepted, I gave him my opinion as to whether or not he should accept it as I am ethically obligated to do. Missouri v. Frye, __U.S. __, 132 S.Ct. 1399 (2012) (defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused); Boria v. Keane, 99 F.3d 492 (2d Cir. 1996) (counsel was ineffective where he failed to render an informed opinion that the plea should have been accepted). My opinion notwithstanding, I advised Mr. Evans that I would represent him to the best of my ability should he choose to proceed to trial.

**Preparation for Plea Hearing**

15.    As with all clients, I prepared Mr. Evans for the questions that would be asked of him during the plea colloquy.  Ms. Mariano was present.  He was advised that he would be under oath and that his answers must be truthful.

**KIMBERLY A. SCHECHTER**
**Assistant Federal Public Defender**

Sworn to this 2nd day of May, 2012.

**Donna M. Daly**
**Notary Public, State of New York**
**Qualified in Erie County**
**Commission Expires 07-03-2015**

A-102

Dbt f !2;1: .ds.11487.SKB.I LT!!!Epdvn f ou83!!!Gjrfe!160I: 023!!!Qbhf !: !pg:

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

**09-CR-376-RJA**

UNITED STATES OF AMERICA,

   v.

RONALD EVANS,

    Defendant.

---

## CERTIFICATE OF SERVICE

  The undersigned certifies that she is an employee of the Federal Public Defender's Office for the Western District of New York, 300 Pearl Street, Buffalo, New York, and is of such age to serve papers.

  On **May 2, 2012,** she served a copy of the attached **AFFIDAVIT IN RESPONSE TO MOTION TO VACATE PLEA,** by: ( ) hand delivery; (X ) mail via the U.S. Postal Service; or ( ) facsimile to:

   **ADDRESSEE:**

      Robert N. Convissar, Esq.
      112 Franklin Street
      Buffalo, New York 14202

       _Joanne Sabatino_
       Joanne Sabatino, Legal Assistant
       Federal Public Defender's Office

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,                    **09-CR-376-RJA**

       v.                                   **AFFIDAVIT IN RESPONSE TO**
                              **MOTION TO VACATE PLEA**
RONALD EVANS,

           Defendant.

_____

STATE OF NEW YORK    )
COUNTY OF ERIE       ) ss:
CITY OF BUFFALO     )

    **MARIANNE MARIANO**, being duly sworn, deposes and states:

    1.    This affidavit is submitted, at the Court's direction, in response to the motion to

withdraw his plea by Defendant, Ronald Evans (Dkt. No. 65).

    2.    On September 1, 2009, Assistant Federal Public Defender Kimberly Schechter

was assigned to represent Mr. Evans.

    3.    On July 21, 2011, as indicated in Mr. Evans' motion, Ms. Schechter and I met

with Mr. Evans at the Chautauqua County Jail for over three hours to prepare him for trial.  We

reviewed the expected witness testimony, possible stipulations, some issues that had arisen with

our potential witnesses, jury instructions and his right to testify.  At the time, the Government

had extended a plea offer and that was discussed with Mr. Evans as well.  He rejected that offer.

4.      During the course of our meeting, I did advise Mr. Evans as to my opinion of the likelihood of an acquittal at trial as to each charge based on my review of the evidence in his case.  In addition, I gave Mr. Evans my opinion as to whether or not he should accept a plea that was then being offered by the Government.  I am ethically obligated to do.  Missouri v. Frye, __U.S. __, 132 S.Ct. 1399 (2012) (defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused); Boria v. Keane, 99 F.3d 492 (2d Cir. 1996) (counsel was ineffective where he failed to render an informed opinion that the plea should have been accepted).  My opinion as to the plea offer notwithstanding, Mr. Evans was advised that we were prepared to represent him at trial should he choose to proceed to trial.  Mr. Evans rejected the Government's offer.

4.      Thereafter, I researched several pretrial issues and began to draft a motion *in limine*.  Ms. Schechter and I discussed the possibility that I might second chair the trial.

5.      On July 25, 2011, at Mr. Evans direction, Ms. Schechter and I conferred with the prosecutor about a possible plea resolution.  I was advised later that same day that Mr. Evans had accepted the Government's plea offer and that the plea hearing was scheduled for the next day.

6.      On July 26, 2011, Ms. Schechter and I met with Mr. Evans prior to his Court appearance.  We reviewed with him the terms of the plea agreement, his rights under Rule 11 of the Federal Rules of Criminal Procedure and this Court's procedure when taking a plea.  He was

advised that he would be placed under oath and that his answers must be truthful.

**MARIANNE MARIANO**
**Federal Public Defender**

**Sworn to this 2nd day of May, 2012.**

**Donna M. Daly**
**Notary Public, State of New York**
**Qualified in Erie County**
**Commission Expires 07-03-2015**

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

             v.                               **09-CR-376-RJA**

RONALD EVANS,

                 Defendant.

## CERTIFICATE OF SERVICE

    The undersigned certifies that she is an employee of the Federal Public Defender's Office for the Western District of New York, 300 Pearl Street, Buffalo, New York, and is of such age to serve papers.

    On **May 2, 2012**, she served a copy of the attached **AFFIDAVIT IN RESPONSE TO MOTION TO VACATE PLEA**, by: ( ) hand delivery; (X) mail via the U.S. Postal Service; or ( ) facsimile to:

        **ADDRESSEE:**

                Robert N. Convissar, Esq.
                112 Franklin Street
                Buffalo, New York  14202

                   *Joanne Sabatino*
                Joanne Sabatino, Legal Assistant
                Federal Public Defender's Office

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                        Plaintiff,

        v.                                              DECISION AND ORDER
                                                        09-CR–376

RONALD EVANS,

                                        Defendant.

### Introduction

Currently before the Court is defendant Ronald Evans' motion to withdraw his plea of guilty, which he entered before this Court on July 26, 2011.  Defendant claims he is entitled to withdrawal of his guilty plea because it was not voluntary. Specifically, defendant argues that his counsel unduly pressured him to take a plea and told him that proceeding to trial would be futile.  Defendant maintains that as a result of his counsel's insistence that he take a plea, his "will was overborne and [he] agreed to take the plea rather than go to trial with an attorney who [he] believed would not fight for him."  The government opposes defendant's motion.  For the reasons stated below, the Court denies defendant's motion to withdraw his plea of guilty.

### Discussion

Rule 11 of the Federal Rules of Criminal Procedure provides that a

defendant be permitted to withdraw his plea of guilty before sentencing if "the

defendant can show a fair and just reason for requesting the withdrawal."

Federal Rule of Criminal Procedure 11(d)(2)(B). The defendant bears the burden

of showing there is such a reason, and only if such a showing is made is the

government required to show prejudice. *United States v. Mather*, 108 F.3d 1513,

1529 (2d Cir. 1997). In recognizing that a significant showing must be made by a

defendant seeking to withdraw a guilty plea, the Second Circuit has opined that

society has a strong interest in the finality of guilty pleas, and allowing withdrawal

of guilty pleas not only undermines confidence in the integrity of our judicial

procedure, but also increases the volume of judicial work, and delays and impairs

the orderly administration of justice. *United States v. Deacon,* 413 Fed. Appx.

347, 349 (2d Cir. 2011); *accord Mather*, 108 F.3d at 1529 (alteration and internal

quotation marks omitted).

Where a motion to withdraw a plea is premised on involuntariness, the

defendant must raise a significant question about the voluntariness of the original

plea. *See Deacon*, 413 Fed. Appx. at 349. Importantly, "bald assertions that

merely contradict a defendant's clear statements at plea allocutions are not

sufficient to meet the significant question requirement." *United States v.

Khammanivong*, 357 Fed. Appx. 316 (2d Cir. 2009). Also, where a defendant

moves to withdraw the plea on the ground that the plea was not knowingly made

and voluntarily, the motion may be denied without a hearing where the allegations

are inherently incredible, conclusory, or are contradicted by the statements made under oath at the plea proceeding. *See United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d. Cir. 1992).

In *United States v. Aine*, the Second Circuit upheld the district court's conclusion that a defendant's plea was knowing and voluntary based primarily upon defendant's colloquy during the plea proceeding, during which the defendant stated that he had an opportunity to discuss the plea agreement with counsel and ask questions about it, that he had not been induced to accept the plea by any threat or promise not contained in the plea agreement, and that he was satisfied with his legal representation. 386 Fed. Appx. 16, 20 (2d Cir. 2010). The Second Circuit concluded that even though the defendant maintained later he had "little choice" but to plead guilty, "this assertion was contradicted by his sworn allocution that his plea was knowing and voluntary." *Id.* at 21.

Similarly here, the Court finds no reason exists to conclude that defendant Evans' plea was anything besides knowing and voluntary. During the plea proceeding, the Court explained, in careful and extensive detail, the contents of the plea agreement as well as the consequences of the guilty plea. At that time, defendant clearly indicated that he understood both the nature of the agreement and the meaning of his plea.

> The Court: Well, sir, we've gone over the agreement in court; you indicated you understand it. Your lawyer says she's gone over it with you; she's satisfied that you understand it. You signed it indicating you understand it.

3

A-110

Any questions, sir?

The Defendant: No, sir.

The Court: Are these all the terms and conditions of the plea agreement which we just read here in court?

The Defendant: Yes, sir.

The Court: No one's made any other promises to you, have they?

The Defendant: Not to my knowledge.

Later in the proceeding, the Court informed defendant that he had a right to plead not guilty and to proceed with a jury trial. The Court explained, in detail, how the trial would be conducted as well as defendant's right to counsel and the government's burden to prove guilt beyond a reasonable doubt. The Court explained that defendant would have a right to see and hear all of the evidence against him, cross examine witnesses and subpoena records relevant to his defense. The Court informed defendant that by entering a plea of guilty he was giving up those rights, and questioned defendant extensively regarding the voluntariness of his decision.

The Court: Now sir, has anyone forced you to plead guilty?

The Defendant: No, sir.

The Court: Anyone threaten you in any way?

The Defendant: No.

.......

4

The Court: By entering a plea of guilty, accepted by the Court, there would be no trial, you would have waived your right to trial, as well as all the other rights we talked about.  Do you understand that?

The Defendant: Yes, sir, I do.

The Court: You do this knowingly, voluntarily?  You understand all the possible consequences?

The Defendant: True.

The Court: Any questions, sir?

The Defendant: No, sir.

Defendant Evans has failed to raise any question, let alone a significant one, about the voluntariness of his plea.  The record of the plea proceeding reflects that defendant was fully informed of, and understood, his right to proceed to trial in this matter.  The record further reflects that defendant was aware that by signing the plea agreement he was forever waiving such rights. Defendant testified that he was knowingly and voluntarily pleading guilty to the offense set forth in the plea agreement, and that he had not been threatened or coerced in any manner.  Defendant's sworn statements clearly belie his present allegations that his plea was somehow involuntary because he "lost faith" in his counsel.  As recognized repeatedly by the Second Circuit, bald assertions that contradict sworn statements at plea allocutions fail to raise a significant question as to the voluntariness of a defendant's plea.

The Court also rejects defendant's allegations that his plea was

involuntary because his counsel repeatedly insisted that he accept a plea rather

than proceed to trial, and therefore he believed that he had no other choice than

to proceed with the plea.  Here again, defendant's conclusory assertions conflict

with the sworn testimony he provided at the plea proceeding.

> The Court:  Now, Mr. Evans, you've discussed this whole situation with
> your  attorney, she's explained to you what your legal rights are, what your
> legal options are.  You may not have liked what she had to tell you, but
> she's not here to make you feel good; she's here to be your legal advisor.
> And apparently based on those discussions, you're here today to waive
> certain rights and to plead guilty to this charge, Count 6, under the terms
> and conditions of the plea agreement.
>
> Are you fully satisfied with the advice and counsel you received from your
> lawyer?
>
> The Defendant:  Yes, sir.
>
> The Court: Any complaints?
>
> The Defendant: No.

Defendant was clearly presented an opportunity to inform the Court that

he was dissatisfied with his counsel, that counsel was unduly pressuring him to

accept a plea, and that he wanted to proceed to trial.  Instead, defendant stated,

under oath, that he was fully satisfied with the advice he received and wished to

accept the terms of the plea.

After defendant filed the instant motion to withdraw his plea, in order for

the Court to have a complete record, the Court directed Assistant Federal Public

Defender Kimberly A. Schechter and Federal Public Defender Marianne

Mariano, the attorneys who represented defendant at the time of the plea proceeding, to submit affidavits responding to defendant's allegations that his plea was involuntary because counsel coerced him into accepting the plea agreement.[1]  These affidavits clearly contradict defendant's claims.

The affidavits reflect that on July 21, 2011, prior to defendant's decision to accept the plea, Ms. Mariano and Ms. Schechter met with defendant to prepare for trial.[2]  They discussed, among other things, witness testimony, jury instructions, and defendant's right to testify.  They also advised defendant as to their opinion of the likelihood of an acquittal based upon their review of the charges and the evidence.  Further, they provided their opinion as to whether defendant should accept the government's plea offer, as they are ethically required to do.  *See Boria v. Keane*, 99 F.3d 492 (2d Cir. 1996) (counsel was ineffective where he failed to render an informed opinion that the plea should have been accepted).  Ms. Schechter and Ms. Mariano warned defendant of the potential penalties he faced if he were to be convicted following a trial.  They also advised defendant that should he elect to proceed to trial, they would

_____

[1]Two months after the plea proceeding, on October 27, 2011, Ms. Schechter moved to withdraw as counsel on the grounds that defendant had filed a complaint against her with the New York State Bar Association.  On November 7, 2011, the Court granted Ms. Schechter's motion and appointed attorney Robert Convissar to represent defendant.  Mr. Convissar filed the instant motion.

[2]The Court denied defendant's former counsel's request that their affidavits be filed under seal, on the grounds that the attorney-client privilege had been waived.  *See United States v. Marks*, 764 F.Supp. 585 (WDNY 2011)

7

represent him to the best of their ability.

Additionally, Ms. Schechter's affidavit sets forth the significant steps she took to prepare defendant's case for trial including reviewing over 1,000 pages of discovery, conducting witness interviews, researching a number of legal issues and drafting a motion *in limine*, jury charges and a witness list.  In the course of preparing the case for trial, Ms. Schechter met with the defendant nine times and spoke with him on the telephone on multiple occasions.  She sent defendant over sixty letters responding to his questions and advising him of the status of the case as well as the legal issues.  Through these communications she sought his input and assistance in preparing a defense.

The affidavits reflect that defendant's former counsel fulfilled their obligation to render informed opinions on plea offers and that they were preparing for trial in the event that defendant chose to persist in his not-guilty plea.  Defense counsel acted in a prudent and appropriate manner consistent with both their ethical obligations and their duty to zealously represent their client.  At the time defendant accepted the plea, his counsel was actively preparing the case for trial.  Defendant's conclusory assertions that his plea was involuntary are wholly unsupported by both the record of the plea proceeding and his former counsel's sworn affidavits.  There is simply no indication that defendant was unduly pressured or coerced into accepting a plea.

## *Conclusion*

For the reasons stated above, defendant's motion to withdraw his plea of guilty is denied. Sentencing will be held on June 13, 2012 at 12:30 p.m.


SO ORDERED.


s / *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: May 18, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

—————————————————————

UNITED STATES OF AMERICA,

        v.                           09-CR-376

RONALD E. EVANS,

          Defendant.

—————————————————————


**STATEMENT OF THE GOVERNMENT**
**WITH RESPECT TO SENTENCING FACTORS**
**AND MOTION PURSUANT TO U.S.S.G. §3E1.1(b)**


**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Pre-sentence Report with respect to sentencing factors in this action.


Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.


The defendant is required by 18 U.S.C. §3013 to pay the sum of $100 due at sentencing at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves

- 2 -

the Court to apply the additional one (1) level downward adjustment

for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(b).


DATED:    Buffalo, New York, June 13, 2012.


Respectfully submitted,

WILLIAM J. HOCHUL, Jr.
United States Attorney

*S/  AARON J. MANGO*

BY: _____
AARON J. MANGO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 882
aaron.mango@usdoj.gov


TO:  Robert N. Convissar, Esq.

Susan C. Murray
U.S. Probation Officer

- 3 -

A-119

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                          09-CR-376

RONALD E. EVANS,

        Defendant.

---

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2012, I electronically filed the foregoing **STATEMENT OF THE GOVERNMENT WITH RESPECT TO SENTENCING FACTORS AND MOTION PURSUANT TO U.S.S.G. §3E1.1(b)** with the Clerk of the District Court using its CM-ECF system, which would then electronically notify the following CM/ECF participant on this case:

                Robert N. Convissar, Esq.

I further certify that the foregoing was provided via inter office mail to the following participant on this case:

                Susan C. Murray
                U.S. Probation Officer

                *S/   KATHLEEN M. RIEMAN*
                ————————————————
                KATHLEEN M. RIEMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                            Plaintiff,

    vs.

RONALD E. EVANS,

                            Defendant.

**STATEMENT OF DEFENDANT
WITH RESPECT TO
SENTENCING FACTORS**

**Docket No. 09-CR-376-A**

---

       Defendant, RONALD E. EVANS, through his attorney, Robert N. Convissar, has reviewed the

Presentence report prepared by the United States Probation Office, regarding the above-referenced case.

Pursuant to the Local Procedural Rules governing sentencing procedure, the defendant hereby files this

statement with respect to sentencing factors.  The defendant hereby adopts the findings of the Presentence

Report.

Dated:       BUFFALO, NEW YORK
              July 5, 2012

                            Respectfully submitted,

                            ROBERT N. CONVISSAR

                            By:  s/Robert N. Convissar, Esq.
                                  Attorney for Defendant
                                  Ronald E. Evans
                                  Office & P.O. Address
                                  112 Franklin Street
                                  Buffalo, New York  14202
                                  (716) 856-1969
                                  convissarlaw@verizon.net

TO:    Aaron J. Mango, Esq.
        Assistant United States Attorney
        United States Attorney's Office
        138 Delaware Avenue
        Buffalo, New York  14202
        aaron.j.mango@usdoj.gov

A-121

Susan C. Murray
U.S. Probation Department
U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202

## CERTIFICATE OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                        Plaintiff,

                                    Docket No. 09-CR-376-A

    vs.

RONALD E. EVANS,

                        Defendant.

---

I hereby certify that on July 5, 2012, I electronically filed the foregoing with the Clerk of the District

Court using its CM/ECF system, which would then electronically notify the following CM/ECF

participants on this case:

    Aaron J. Mango, Esq., Assistant United States Attorney, and

    Susan C. Murray
    United States Probation Officer

                                 S/Robert N. Convissar

1

<pre>
 1                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF NEW YORK
 2

 3    UNITED STATES OF AMERICA        :
                                      :
 4          vs.                       :
                                      :
 5    RONALD E. EVANS                 :    09 - CR - 376

 6

 7

 8

 9          Sentencing in the above-captioned matter held on

10    Monday, September 10, 2012, commencing at 1:08 p.m., before

11    the Hon. Richard J. Arcara, in the United States Courthouse,

12    2 Niagara Square, Buffalo, New York, 14202.

13

14

15    APPEARANCES:

16                    AARON J. MANGO, ESQUIRE, Office of the U.S.
                      Attorney, 138 Delaware Avenue, Buffalo,
17                    New York, appeared for the Government.

18                    ROBERT N. CONVISSAR, ESQUIRE, 112 Franklin St.,
                      Buffalo, NY, appeared for defendant.
19

20

21

22

23               RECORDED BY ECRO ELIZABETH KNIPE
               TRANSCRIBED BY DEBRA L. POTOCKI, RMR, RDR, CRR
24           Official Court Reporter for the U.S. District Court
                              843/723-2208
25
</pre>

1          THE COURT:  The defendant stands before the Court for

2     sentencing on his previous plea of guilty to one count of a

3     felon in possession of a firearm and ammunition, armed career

4     criminal, in violation of Title 18 United States Code Section

5     922(g)(1) and 924(e).

6       Mr. Convissar, I know you've reviewed the report, and I

7     assume you reviewed it with your client?

8          MR. CONVISSAR:  Yes, Judge.

9          THE COURT:  The Court hereby accepts the terms and

10    conditions of the plea agreement and the plea of guilty.  I

11    will now place the report in the record under seal.  If an

12    appeal is filed, counsel on appeal will be permitted access to

13    the sealed report, except that counsel on appeal will not be

14    permitted access to the recommendation section.

15      The parties have filed -- Well, have you filed statements?

16          MR. CONVISSAR:  Yes, Judge.

17          MR. MANGO:  Yes, Your Honor.

18          THE COURT:  Okay.  I haven't seen them.  I assume

19    there's no objection?

20          MR. MANGO:  No, Your Honor.

21          MR. CONVISSAR:  There was none.

22          THE COURT:  I assume it's somewhere in here, but --

23          MR. CONVISSAR:  Yes.

24          THE COURT:  -- I didn't see them.  That's right, I

25    did read it.

1          MR. CONVISSAR:  And letters and material were sent to

2     the Court; I know the Court read that.

3          THE COURT:  Right.  There's no dispute about the

4     facts in the report, and, therefore, the Court adopts these

5     facts as its findings of fact and hereby incorporates them

6     into the record.  There are no objections to the probation

7     officer's conclusions as to the applicable guidelines.  The

8     report recommends that the base offense level under Guideline

9     Section 2K2.1(a)(2) is 24.

10         The report also recommends a three level downward

11    adjustment pursuant to the defendant's acceptance of

12    responsibility, and accordingly finds the offense level should

13    be properly calculated at level 21.  Defendant is subject to

14    an enhanced sentence under the provisions of 18 U.S.C. 924(e),

15    as an armed career criminal pursuant to 4B1.4(a).

16    Specifically in part B, criminal history category of the

17    defendant was convicted of attempted burglary third degree,

18    armed robbery, and bank robbery, each having occurred on three

19    different dates that are defined as violent offenses.

20         In addition, pursuant to 4B1.4(b), the offense level for

21    an armed career criminal is the greatest of the offense level

22    applicable from chapters two and three, or the offense level

23    from Section 4B1.1, if applicable, or section 3(a), if the

24    defendant used or possessed a firearm or ammunition in

25    connection with either a crime of violence or a controlled

1   substance as defined in 4B1.2(a) and (b); or, 3B or otherwise.

2   Therefore, pursuant to 4B1.3(b)(3)(B), the offense level is

3   33.

4        The Court will apply a three level downward adjustment for

5   acceptance of responsibility, and accordingly recommends the

6   offense level should be properly calculated at level 30.

7   Criminal history category of five.  Under advisory range of

8   imprisonment of 151 to 188 months.  However, under the

9   statutory minimum term of imprisonment is 180 months, and,

10  therefore, the advisory range is 180 to 188.

11       The advisory range for supervised release is three to five

12  years.  The advisory range for a fine is from 15,000 to

13  $150,000, plus cost of imprisonment and supervised release.

14       In accordance with the Supreme Court decision in U.S.

15  versus Booker and the Second Circuit decision U.S. versus

16  Crosby, this Court must consider the guidelines; is not bound

17  by them.  The Court must also consider the factors in 18

18  U.S.C. 3553(a).

19       Now, I have received nine letters and materials relating

20  to a program that the defendant was involved in, in Chautauqua

21  County jail.  I believe that pretty much sets forth the

22  parameters.

23            MR. CONVISSAR:  Thank you, Your Honor.

24            THE COURT:  Mr. Convissar?

25            MR. CONVISSAR:  Thank you, sir.  Your Honor, the

1   defendant stands before you, he is 54 years of age, he has a

2   significant criminal history category.  Going through the

3   report, we see an individual who is raised initially in a

4   broken home, his father left him, but who the defendant tried

5   to stay close to over the years.  He got in trouble as a young

6   boy, voluntarily went into Boys Town in Buffalo, with the

7   consent of his mother and the agencies to try to turn his life

8   around.  He has not been completely successful in that regard.

9   In other regards he has been successful, as we'll talk about.

10      While he's been incarcerated here, his mother passed away

11   in May 2012.  And the report shows that he had a close and

12   loving relationship with her, and her passing affected him

13   greatly.

14      He's married and he has four children.  And, you know, I

15   talked to Mr. Evans at lengthy times, because of the

16   procedural history of this case in terms of my responsibility

17   with his idea to move to withdraw his plea.  And I've come to

18   know him as a person.

19      And what strikes me so much is that those children are the

20   light of his life.  And he regrets how he personally has acted

21   to the detriment of that family, but he is so proud of the

22   fact that his daughter is a medical administrator at the

23   University of North Carolina, his son works at Duke University

24   Hospital as a phlebotomist.  His other son works at the FAA as

25   a computer graphic designer, and his oldest daughter is an

1    officer in the Air Force.  And he has spent those years of his

2    life when he was not incarcerated, supporting them, nurturing

3    them, caring about them.  And he takes a measure of pride in

4    his efforts as a father, though he knows he fell short because

5    of his criminal convictions.

6         But I see that as an honest --

7              THE COURT:  That's remarkable that his children have

8    done so well, when he has really --

9              MR. CONVISSAR:  Had troubles, yeah.

10              THE COURT:  I mean, his -- criminal history category

11    five, and you look at the whole record here, Mr. Convissar, I

12    mean, I am amazed how those kids were able to do all that.

13              MR. CONVISSAR:  And I am, too.

14              THE COURT:  Never seen anything like this.

15              MR. CONVISSAR:  And that's what struck me, Judge.

16    And the reason is -- most times it's because everybody has

17    abandoned the father and the mothers were just amazing people.

18    But Mr. Evans has stayed in touch with those kids and raised

19    those kids.  Every time he was out of jail, he moved to North

20    Carolina to be with them, he has supported them to the extent

21    he can.  He just couldn't do it all, couldn't get himself out

22    of the trouble he was in.

23         And it's a shame, because he honestly loves those kids,

24    which is such a strange thing, you never see it.  We never do

25    see that, Judge.

1          THE COURT:  You know, there's a saying that I

2   recently heard, and it doesn't apply here.  A parent's

3   lifestyle is the child's guidebook.

4          MR. CONVISSAR:  Yeah.

5          THE COURT:  I don't know if you've heard that or not.

6          MR. CONVISSAR:  No.

7          THE COURT:  But it's like many times children do, or

8   their actions are influenced by the conduct of the parents,

9   not what they say, but what they do.  And so I came upon this

10  little phrase I thought was kind of interesting.  It didn't

11  happen here.  Because if those four children had followed his

12  lifestyle, they'd all be in prison right now.

13         MR. CONVISSAR:  If that was the example he set --

14         THE COURT:  Isn't that a shame?  What's really a

15  shame, your client is 54 years old.

16         MR. CONVISSAR:  Yeah.  I know that.  He's facing huge

17  numbers here.

18         THE COURT:  Huge numbers.

19         MR. CONVISSAR:  Yes, absolutely.  Absolutely.  And

20  there's nothing any one of us can do about it, I appreciate

21  that.

22      Judge, he's been in -- his medical conditions are

23  essentially under control, epilepsy and seizures, high blood

24  pressure, but he's been treating for those.  He's been in

25  custody for three years now.

8

1          THE COURT:  Right.

2          MR. CONVISSAR:  While we awaited this resolution.

3    And that's been in a county jail.  And I recognize our

4    obligation under the plea agreement not to advocate outside

5    the guidelines, and with the mandatory minimum, we can't.  So

6    this is the go to the -- toward the low end.  But he served

7    those years in a county facility, without the benefit of the

8    programs and benefits that a federal facility would normally

9    have.  And I ask the Court to take that extended period of

10   time into account in assessing the level of the sentence

11   within the applicable guidelines range.

12        But despite that, Judge, despite the fact that county

13   jails are difficult situations for the most part, he's done

14   amazing things, as you can see in there.  And this reflects

15   the --

16        THE COURT:  Why didn't this happen 30 years ago?

17        MR. CONVISSAR:  Well, I don't know the answer to

18   that, Judge, and it's a shame.  Because --

19        THE COURT:  Can you imagine how proud any father

20   would be to have four children, all four of them, not one went

21   by the wayside.  All four of them have accomplished incredible

22   things.  I mean, I'm just amazed.  And I'm not trying to beat

23   up on him.

24        MR. CONVISSAR:  No, Judge.

25        THE COURT:  I just think it's sad.  I think it's sad.

1  And yet all of a sudden, since he's been in prison, now all

2  these things that are going on in the Chautauqua County

3  jail --

4          MR. CONVISSAR:  Because of him.

5          THE COURT:  What planet are we on?  What's going on

6  here?

7          MR. CONVISSAR:  Judge, the numbers are what the

8  numbers are, but I'm telling you -- and that's what I'm --

9  striking to me as I'm explaining it to the Court and the Court

10  sees it as well, it's like two people here.  The father side

11  of him loves those kids, helped raise those kids, brought

12  those kids out from under the other side, and when he's in

13  jail, he's working with kids.  He creates a whole program that

14  he brings into the jail with the chaplains and the ministers

15  and the guards, captains, to reach out to young kids so that

16  they're not like him, so that they take advantage whatever

17  good is inside their bodies.  And --

18          THE COURT:  Too bad he didn't meet himself about 30

19  years ago.

20          MR. CONVISSAR:  If that program was probably

21  available back then and met someone like Mr. Evans today, it

22  probably would have saved him.  Because there's a good in him,

23  salvageable, but it's where he is today in his guidelines, and

24  it's a shame and it's a tragedy, Judge.

25      I don't need or want to say any more.  I appreciate the

1   Court's time.

2        THE COURT:  This is your opportunity, sir, to say

3   anything you'd like to say.

4        MR. CONVISSAR:  He doesn't want to speak.

5        THE COURT:  I tell you one thing, I hope that during

6   this period of time that your children don't abandon you, that

7   they see you regularly and give you some hope, because that's

8   really the best thing you've got going for you right now, are

9   those kids.  And I don't know if they have any grandchildren

10  or not, but --

11       MR. CONVISSAR:  I don't believe so yet, Judge.  Yes,

12  he does, I'm sorry.

13     Judge, his family, most of them reside in the Raleigh,

14  North Carolina area.  We would ask the Court to recommend

15  Butner as the place of incarceration.

16       THE COURT:  Where is that located?

17       MR. CONVISSAR:  It's in North Carolina, Judge.

18       THE COURT:  Butner.  Okay.  Mr. Mango?

19       MR. MANGO:  Your Honor, pursuant to the plea

20  agreement, the Government agreed not to oppose the low end of

21  the range; we don't, and we think it's appropriate.

22       THE COURT:  All right.  Pursuant to the Sentencing

23  Reform Act of 1984, it is the judgment of the Court the

24  defendant is hereby committed to the custody of Bureau of

25  Prisons to be imprisoned for a period of 180 months.  Cost of

1    incarceration fee is waived.  I will recommend Butner, the

2    Butner facility, so that that's where his family is, and that

3    will -- hopefully that will ease some of the loneliness that

4    he'll be experiencing over the next period of sentencing time.

5        Shall be placed on supervised release for four years.

6    Shall report in person to the probation office in the district

7    in which he's released, within 72 hours.  Shall comply with

8    the standard conditions of supervised release adopted by the

9    Court.  Shall not commit another federal, state or local

10   crime.  Shall be prohibited from possessing a firearm or

11   dangerous device.  Shall not possess a controlled substance.

12       Since the instant offense occurred after September 13,

13   1984, drug testing is required.  He shall submit to substance

14   abuse testing, to include urinalysis and other testing.

15   Details of this testing to be approved by the probation

16   office.  If substance abuse is indicated by testing, he is to

17   complete drug and alcohol evaluation, enter into any treatment

18   as deemed necessary by the probation office.  He's not to

19   leave treatment until discharge is agreed to by the probation

20   office.  While in treatment and after discharge from

21   treatment, he is to abstain from the use of alcohol, be

22   required to contribute to the cost of services rendered in an

23   amount to be determined by the probation office, based on the

24   ability to pay or availability of third-party payment.  Shall

25   submit to a search of his person, property, vehicle, place of

1   residence or any other property under his control, based upon

2   reasonable suspicion, and permit the confiscation of any

3   evidence or contraband discovered.

4        The Court finds he does not have the ability to pay a

5   fine; will not impose a fine.  Also, I will order the

6   mandatory special assessment, which is due immediately.  It's

7   $100.  Payment shall begin under the Bureau of Prisons Inmate

8   Financial Responsibility Program.  He shall forfeit his

9   interest in the property specifically set forth in section

10  seven of the plea agreement incorporated herein.

11       In determining the sentence, I tell you this,

12  Mr. Convissar, these letters have been influential as far as

13  being able to impose a sentence at the high end of the

14  guidelines or even higher, looking at his record.  But there

15  is that quality in him which apparently has finally come out,

16  which I think is good, and, therefore, I am giving him some

17  benefit for that.

18            MR. CONVISSAR:  Thank you, Your Honor.

19            THE COURT:  In determining the sentence, the Court

20  has considered the range, guideline range, advisory guideline

21  range, the points raised by counsel.  In addition, I

22  considered the factors in 18 U.S.C. 3553(a), and find the

23  sentence imposed is sufficient but not greater than necessary

24  to comply with the purposes of sentencing set forth in 18

25  U.S.C. 3553(a).  Although I'm not bound to, I did impose a

1   sentence within the guideline range, which is also consistent

2   with the terms and conditions of the plea agreement.

3       There is no question it's a very lengthy sentence.  It's a

4   shame that a man at his age, rather than enjoying the benefits

5   of his remarkable children, the only time he's going to see

6   them for awhile is if they visit him in prison.  And that's

7   very sad.  This sentence is consistent with the terms and

8   conditions of the plea agreement.

9       You have a right to appeal this sentence, sir, if you feel

10  the Court misapprehended its authority or imposed an illegal

11  sentence.  However, you did waive your right to appeal.  If

12  you feel that waiver is not a valid waiver, you may take that

13  issue up before the Second Circuit Court of Appeals.

14      Good luck to you, Mr. Evans, I wish you the best, sir.

15          MR. MANGO:  Government would move to dismiss counts

16  one through five and seven of the indictment.

17          THE COURT:  Motion's granted.

18

19  (Court adjourned at 1:24 p.m.)

20

21

22

23

24

25

1                    <u>REPORTER'S CERTIFICATION</u>

2

3          I, Debra L. Potocki, RMR, RDR, CRR, Official Court

4    Reporter for the United States District Court for the District

5    of South Carolina, hereby certify that the foregoing is a true

6    and correct transcript of the electronically recorded above

7    proceedings, to the best of my ability.

8

9

10   S/Debra L. Potocki

11   _____

12   Debra L. Potocki, RMR, RDR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

#15184 SCM/jes

# UNITED STATES DISTRICT COURT

WESTERN _____ District of _____ NEW YORK

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| | Case Number:    1:09CR00376-001 |
| RONALD E. EVANS | USM Number:    17674-055 |
| | Robert N. Convissar |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    6 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §922(g)(1) and §924(e) | Felon in Possession of a Firearm and Ammunition/Armed Career Criminal | 09/01/2009 | 6 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)    1-5 & 7 of Indictment    ☐ is   ☒ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 10, 2012
Date of Imposition of Judgment

_Richard J. Arcara_
Signature of Judge

Richard J. Arcara, U.S. District Judge
Name and Title of Judge

Sept. 14, 2012
Date

Case 1:09-cr-00376-RJA-HKS   Document 83   Filed 09/25/12   Page 2 of 6

AO 245B    (Rev. 12/03) Judgment in Criminal Case
         Sheet 2 — Imprisonment                                                                    #15184 SCM/jes

| | | |
|---|---|---|
| DEFENDANT: | RONALD E. EVANS | Judgment — Page __2__ of __6__ |
| CASE NUMBER: | 1:09CR00376-001 | |

## IMPRISONMENT

       The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      180 months; the cost of incarceration fee is waived.

☒  The court makes the following recommendations to the Bureau of Prisons:
     Placement at Butner, NC, near the defendant's family.

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:
     ☐  at _____ ☐ a.m. ☐ p.m.  on _____
     ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     ☐  before 2 p.m. on _____ .
     ☐  as notified by the United States Marshal.
     ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a_____ , with a certified copy of this judgment.

                                           _____
                                       UNITED STATES MARSHAL

          By _____
                            DEPUTY UNITED STATES MARSHAL

Dbt f !2;1: .ds.11487.SKB.I LT!!!Epdvn f ou94!!!Gjrhe!1: 036023!!!Qbhf !4!pg7

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release                                                                                    #15184 SCM/jes

| | | Judgment—Page __3__ of __6__ |
|---|---|---|

DEFENDANT:        RONALD E. EVANS
CASE NUMBER:    1:09CR00376-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    4 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as required by the Justice for All Act of 2004. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

A-140

Dbt f !2;1: .ds.11487.SKB.l LT!!!Epdvn f ou94!!!Gjmfe!1: 036023!!!Qbhf !5!pg7

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
              Sheet 3C — Supervised Release                                                              #15184 SCM/jes

| | |
|---|---|
| DEFENDANT: | RONALD E. EVANS |
| CASE NUMBER: | 1:09CR00376-001 |

Judgment—Page __4__ of __6__

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall submit to substance abuse testing, to include urinalysis and other testing. Details of such testing to be approved by the U.S. Probation Office. If substance abuse is indicated by testing, the defendant is to complete a drug/alcohol evaluation and enter into any treatment as deemed necessary by the U.S. Probation Office and/or the Court. The defendant is not to leave treatment until discharge is agreed to by the U.S. Probation Office and/or the Court. While in treatment and after discharge from treatment, the defendant is to abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered (co-payment in the amount to be determined by the U.S. Probation Office based on the ability to pay or availability of third party payment).

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

A-141

Dbt f !2;1: .ds.11487.SKB.I LT!!!Epdvn f ou94!!!Gjrfte!1: 03602 3!!!Qbhf !6!pg7

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties                                          #15184 SCM/jes

| | |
|---|---|
| DEFENDANT: | RONALD E. EVANS |
| CASE NUMBER: | 1:09CR00376-001 |

Judgment — Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

☐  the interest requirement for the   ☐  fine   ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

A-142

Dbt f !2;1: . ds.11487.SKB.I LT!!!Epdvn f ou94!!!Gjrfne!1: 036023!!!Qbhf !7!pg7

DEFENDANT: RONALD E. EVANS
CASE NUMBER: 1:09CR00376-001

Judgment — Page ___6___ of ___6___

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

     ☐ not later than _____ , or
     ☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

     The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, 2nd Floor, Buffalo, New York 14202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit to the United States his interest in the property set forth in Section VII of the Plea Agreement.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:09-cr-00376-RJA-HKS   Document 84   Filed 10/09/12   Page 1 of 1

Criminal Notice of Appeal - Form A

## NOTICE OF APPEAL

### United States District Court

_____Western_____ District of ___New York___

Caption:

United States of America   v.

Ronald E. Evans

Docket No.: ___09-CR-376___

Hon. Richard J. Arcara
(District Court Judge)

Notice is hereby given that ___Ronald E. Evans_____ appeals to the United States Court of

Appeals for the Second Circuit from the judgment ___other___  in a criminal case
(specify)

entered in this action on _September 25, 2012_
(date)

This appeal concerns: Conviction only |___ Sentence only |___| Conviction & Sentence |_XX_ Other |___|

Defendant found guilty by plea |_XX_| trial |  | N/A |

Offense occurred after November 1, 1987? Yes |_XX_ No |   N/A |

Date of sentence: ___9/10/12_____ N/A |___|

Bail/Jail Disposition: Committed |_XX_ Not committed |   | N/A |

Appellant is represented by counsel? Yes |_XX_| No |   If yes, provide the following information:

Defendant's Counsel: ___Robert N. Convissar, Esq.___

Counsel's Address: ___112 Franklin Street___

___Buffalo, New York 14202___

Counsel's Phone: ___716-856-1969___

Assistant U.S. Attorney: ___Aaron J. Mango, Esq.___

AUSA's Address: ___US Attorney's Office, Western District of NY___

___138 Delaware Avenue, Buffalo, New York  14202___

AUSA's Phone: ___716-843-5882___

_____
Signature
Robert N. Convissar

UNITED STATES DISTRICT COURT
FILED
OCT 9 2012
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

STATE OF NEW YORK    )
                        )        ss.:        **AFFIDAVIT OF**
COUNTY OF NEW YORK  )                    **CM/ECF SERVICE**


      I, Kersuze Morancy, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age.


      **On March 15, 2013**


deponent served the within: **Appendix**


**upon:**

**Joseph J. Karaszewski, Esq.**
**United States Attorney's Office,**
**Western District of New York**
*Attorney for Appellee*
**138 Delaware Avenue**
**Buffalo, New York 14202**
**(716) 843-5700**


via the CM/ECF Case Filing System. All counsel of record in this case are registered CM/ECF users. Filing and service were performed by direction of counsel.


**Sworn to before me on March 15, 2013**


/s/ Mariana Braylovskaya                       s/Kersuze Morancy
   **Mariana Braylovskaya**               **Kersuze Morancy**
Notary Public State of New York
No. 01BR6004935
Qualified in Richmond County
Commission Expires March 30, 2014


                                 Job No. 246566