# 12-4121-cr

# United States Court of Appeals

*for the*

# Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

RONALD EVANS,

*Defendant-Appellant,*

– and –

TASHINE KNIGHTNER,

*Defendant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLANT

LAW OFFICE OF ROBERT N. CONVISSAR
*Attorney for Defendant-Appellant*
112 Franklin Street
Buffalo, New York 14202
(716) 856-1969

# TABLE OF CONTENTS

STATEMENT OF SUBJECT MATTER AND
    APPELLATE JURISDICTION. . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . 2

    I.    DID THE DISTRICT COURT ABUSE ITS DISCRETION
        WHEN IT DENIED MR. EVANS' MOTION TO WITHDRAW
        HIS GUILTY PLEA, THEREBY DENYING HIM HIS
        CONSTITUTIONAL RIGHT TO TRIAL?. . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    I.    STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . 10

    II.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
        REFUSING TO GRANT MR. EVANS' MOTION TO
        WITHDRAW HIS PLEA. . . . . . . . . . . . . . . . . . . . .11

        A.    Mr. Evans' former attorney pushed him into taking a plea
                on the eve of trial, and thus Mr. Evans' Plea was not
                voluntary. . . . . . . . . . . . . . . . . . . . . . . . 12

    III.    THE COURT SHOULD PERMIT MR. EVANS TO WITHDRAW
        HIS PLEA, RESTORING MR. EVANS' CASE TO ITS PRE-PLEA
        POSTURE, AND GIVING MR. EVANS THE RIGHT TO APPEAL
        EARLIER DECISIONS OF THE DISTRICT COURT. . . . . . 15

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

## FEDERAL CASES

E.E.O.C. v. KarenKim, Inc., 698 F. 3d 92 (2d Cir. 2012). . . . . . . . . . . . 10

Millea v. Metro-North R.R. Co., 658 F. 3d 154 (2d Cir. 2011). . . . . . . . . 10

United States v. Couto, 311 F. 3d 179 (2d Cir. 2002). . . . . . . . . . . . 11

United States v. Gonzalez, 970 F. 2d 1095 (2d Cir. 1992). . . . . . . . . . . 13

United States v. Hernandez, No. 99 Cr. 73, 2002 WL 31098505, at *5
        (S.D.N.Y. Sept. 18, 2002). . . . . . . . . . . . . . . . . . . . . . 13

United States v. Jackson, et. al., No. 02 CR. 756(LMM), 2005 WL 323715,
        at *2 (S.D.N.Y. Feb. 10, 2005). . . . . . . . . . . . . . . . . 12, 13, 14

United States v. Maher, 108 F. 3d 1513 (2d Cir. 1997). . . . . . . . . . . . 13

United States v. Needles, 472 F. 2d 652 (2d Cir. 1973). . . . . . . . . . . . 11

United States v. O'Hara, 960 F. 2d 11 (2d Cir. 1992). . . . . . . . . . . . . 10

United States v. Rosen, 409 F. 3d 535 (2d Cir. 2005). . . . . . . . . . . . .12,13

United States v. Smiley, 322 F. 2d 248 (2d Cir. 1963). . . . . . . . . . . . 11

United States v. Torres, 129 F. 3d 710 (2d Cir. 1997). . . . . . . . . . . . 12, 13

## FEDERAL STATUTES

18 U.S.C. § 922 (g) (1). . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 924 (e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3742 (a) (1). . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 41. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1294. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**FEDERAL RULES**

Fed. R. App. P. 4(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Crim. P. 11(d)(2)(B) . . . . . . . . . . . . . . . . . . . . . 9,12

Fed. R. Crim. P. 32(d). . . . . . . . . . . . . . . . . . . . . . . . . . 12

## STATEMENT OF SUBJECT MATTER AND
## APPELLATE JURISDICTION

The United States District Court for the Western District of New York (Arcara, U.S.D.J.) had subject matter jurisdiction over this case by virtue of the Indictment, which was filed on November 19, 2009.  (See Appendix at p. 13-19, (A 13-19).  Jurisdiction over this action was in the District Court for the Western District of New York pursuant to 18 U.S.C. § 3231.

Defendant-Appellant, Ronald E. Evans, appeals from his conviction by plea as set forth in the Judgment in a Criminal Case entered on September 25, 2012. (A  137-142)  and from the decision and order denying Mr. Evans motion to withdraw his plea of guilty prior to sentencing.  (A 107-115).  A timely notice of appeal to the Judgment was filed on October 9, 2012.  (A 143).

The Second Circuit Court of Appeals has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 41, 1291 and 1294; 18 U.S.C. § 3742 (a) (1) and Federal Rule of Appellate Procedure § 4 (b).  This case involves a direct appeal of a criminal conviction in the United States District Court for the Western District of New York.

## STATEMENT OF ISSUE PRESENTED

I.     DID THE DISTRICT COURT ABUSE IT'S DISCRETION WHEN
       IT DENIED MR. EVANS MOTION TO WITHDRAW HIS GUILTY
       PLEA, THEREBY DENYING HIM HIS CONSTITUTIONAL
       RIGHT TO A TRIAL?

## STATEMENT OF THE CASE

Mr. Evans was charged by a Federal Grand Jury in an indictment filed on November 19, 2009.  (A 13-19).  Mr. Evans was charged,  among other things, in Count 6 with being a Felon in Unlawful Possession of a Firearm/Ammunition and being an Armed Career Criminal in violation of Title 18 U.S.C. §§ 922 (g)(1) and 924 (e). (A ).  A conviction for this charge carried a mandatory minimum sentence of imprisonment of 15 years under Title 18 U.S.C. §924 (e).

Pursuant to a written plea agreement (A 30-40), Mr. Evans entered a plea of guilty in the District Court  on July 26, 2011 to Count 6 of the indictment.  (A 41-70). On October 27, 2011, Mr. Evans' former attorney Kimberly Schechter moved to withdraw as counsel on the grounds that Mr. Evans filed a complaint against her with the New York Bar Association. (A 71-74).   On November 7, 2011, the District Court granted Ms. Schechter's motion and appointed the undersigned attorney to represent Mr. Evans. (A 8,  Docket Entry # 58).

On March 15, 2012, Mr. Evans filed a motion, with an accompanying affidavit sworn to by the defendant, with the District Court to withdraw his plea. (A 75-80).  The court denied the motion on May 18, 2012 by filing a written Decision and Order.  (A 107-115).   Mr. Evans was sentenced on September 10, 2012 to a term of imprisonment of 180 months and the District Court's Judgment

3

in a Criminal Case was entered against him on September 25, 2012. (A 137-142).

A timely notice of appeal was filed.  (A 143).  Mr. Evans now respectfully appeals

to this Honorable Court, asking that it reverse the decision of the District Court,

and allow him to withdraw his guilty plea and proceed to trial.

## STATEMENT OF FACTS

Mr. Ronald Evans is a 54-year old male from Buffalo, New York. He is a married father of four children, all of whom reside in North Carolina, where he maintained his legal address.  Pre-Sentence Investigation Report ("PSR") ¶ 83.[1] He suffers from high blood pressure and has a lengthy history of epileptic seizures. PSR ¶ 96.  He served in the U.S. Army Reserves and was honorably discharged in 1977.  PSR ¶ 106.

Mr. Evans was charged in a seven Count Indictment, five of which involved allegations of counterfeiting. The sixth count of the indictment charged Mr. Evans with being a Felon in Possession of a Firearm/Ammunition and with being an Armed Career Criminal.  (A 17); PSR ¶ 4.

After being charged with the above, Mr. Evans was initially represented by the Federal Defender's Office and Kimberly A. Schechter, Esq. (A 76, ¶ 3 ); *see also*  (A 94-101).   From the beginning of the case, Ms. Schechter repeatedly told Mr. Evans that he faced a long federal sentence and that he should take a plea. (A 76, ¶ 4).  Although Mr. Evans maintained his innocence from the outset of the case, Ms. Schechter refused to consider going to trial, and continued to advise Mr. Evans to take a plea and avoid trial.  (A 77 ¶ ¶ 5,6) Ms. Schechter maintains that

---

[1]    The PSR has been filed under separate cover and seal in order to protect the privacy interests of the defendant-appellant and others.

5

she met and corresponded with Mr. Evans concerning the possibility of going to trial.  (A 96, ¶¶7-8).  Mr. Evans asserts that he had great difficulty in dealing with and relating to Ms. Schechter because all she kept advising him was to take a plea and not go to trial (A 77, ¶6)

At one point, Mr. Evans demanded that Ms. Schechter's supervisor, Marianne Mariano, review his file with him.  (A 77, ¶ 7). Following that review, Ms. Mariano also warned that Mr. Evans should take a plea, despite his continued desire to go to trial. (A 77, ¶ 7) . In her affidavit, Ms. Mariano acknowledged that she met with Mr. Evans and advised him as to her opinion of whether he should accept the Government's plea offer. (A 104,  ¶¶ 3-4).

From March through June 2011, Mr. Evans continued to express his desire to go to trial and his opposition to taking a plea.  (A 77, at ¶ 8). During this period, Ms. Schechter continually told Mr. Evans that he had to take a plea, that a trial would be futile, and that he would lose at trial and go to jail for a period in excess of 24 years.  (A 77, ¶ 9).

A Jury trial date was scheduled to commence on August 1, 2011. (A 24).

Mr. Evans was dissatisfied with Ms. Schechter's representation, but believed he was stuck with her as his attorney and that he had no options to change counsel at this late date. (A 77, ¶ 10). Although Ms. Schechter said she would take the case

to trial, Mr. Evans lost faith in her willingness to fight hard for him at trial, since she had already warned repeatedly that it was futile. (A 77, ¶11).

Based on these facts, and under the pressure of the immediacy of the eve of a trial commencing in just a matter of days, Mr. Evans' will was overborne and he agreed to take the plea rather than go to trial with an attorney he believed would not fight for him.  (A 77, ¶ 12).

Just prior to the actual court proceeding on July 26, 2011, Ms. Schechter told Mr. Evans what he had to say to get the plea. She told him that he had to answer yes to the Court's questions concerning voluntariness, satisfaction with his attorney, understanding the effect of the plea, the factual basis, and the penalty he was facing.  (77-78, ¶ 13). Thereafter, on July 26, 2012, under the dual pressures from his attorney and the immediacy of the upcoming trial, Mr. Evans did what he was told and entered his plea.  (A 78, ¶ 14). He makes the explicit claim that his plea was not voluntary. (A 77, ¶12).  A proffer session with agents of the government was then held and quickly ended when Mr. Evans denied making the statement that the arresting officers claimed he made at the time of his arrest.  (A 78, ¶ 15).

Afterward, Ms. Schechter visited Mr. Evans in the Chautauqua County Jail in Mayville, New York. Ms. Schechter informed Mr. Evans that she worked hard

to get him the fifteen-year plea and threatened him that if he made trouble with the plea, the Court could hand down an even longer sentence.  (A 78, ¶ 16). Mr. Evans did not appreciate being threatened and he then filed a complaint against Ms. Schechter with the New York State Bar Association.  (A 78, ¶17).  This prompted Ms. Schechter to file a motion to be relieved as counsel for Mr. Evans due to the existence of an actual conflict of interest.  (A 71-74).  Mr. Evans joined in the request for new counsel to be appointed to review this matter and to file a motion to withdraw his plea.  On November 7, 2011, the Court relieved Ms. Schechter as Mr. Evans' attorney and assigned CJA Panel Attorney Robert N. Convissar to represent the defendant.  (A 8, Docket Entry # 58).

On March 15, 2012, Mr. Evans filed a motion in the U.S. District Court for the Western District of New York, seeking to withdraw his guilty plea. (A 75-80). While there was oral argument of the motion, no hearing was conducted.  On May 18, 2012, the District Judge rendered a Decision and Order denying Mr. Evans' motion. (A 107-115).  The District Judge's decision became a final decision of the District Court, and a Sentencing Hearing was held on September 10, 2012, (A 123-136) and the Judgment in a Criminal Case was filed on September 25, 2012. (A 137-142).   Mr. Evans is currently serving a 15-year (180 month) sentence in a Federal Correctional Facility. (A 138).

A timely notice of appeal was filed and Mr. Evans now appeals to this Court for review of the District Court's decision denying his motion to withdraw his guilty plea.

## SUMMARY OF ARGUMENT

Mr. Evans argues that the district court abused its discretion in denying his motion to withdraw his plea.  Mr. Evans submits that the case's underlying facts raised significant questions regarding the voluntariness of his plea. Because Mr. Evans was forced into taking a plea on the eve of trial, and because Mr. Evans consistently maintained his innocence and desire to go to trial, his plea was involuntary.   Mr. Evans argues that he has established a "fair  and just reason for the withdrawal of the plea as required by Rule 11 (d) (2) (B).   As such, Mr. Evans' plea should be vacated because the District Court abused its discretion in finding otherwise.

Additionally, by permitting Mr. Evans to withdraw his plea and proceed to trial, this Court will restore the case to its pre-plea posture and restore Mr. Evans' right to address on subsequent appeal the earlier adverse decisions of the district court with regard to his Motion to Suppress and Motion to Sever.

## ARGUMENT

### I.    STANDARD OF REVIEW

The standard of review for Mr. Evans' appeal is abuse of discretion. A district court abuses its discretion if it "(1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *E.E.O.C. v. KarenKim, Inc.*, 698 F.3d 92, 99-100 (2d Cir. 2012) (citing *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir.2011) (internal citations omitted)).

When a defendant moves to withdraw a guilty plea, the Second Circuit reviews the district court's findings of historical fact under the clearly erroneous standard, but "[w]hether the facts so found constitute a 'fair and just reason' for the withdrawal of a plea and whether the district judge properly denied the motion to withdraw the plea are mixed questions of law and fact, reviewed [by the Court] only for abuse of discretion." *United States v. O'Hara*, 960 F.2d 11, 13-14 (2d. Cir. 1992) (citing *United*

10

*States v. Needles*, 472 F.2d 652, 656 (2d Cir.1973); *United States v. Smiley*, 322 F.2d 248, 249 (2d Cir.1963).

## II.   THE DISTRICT COURT ABUSED ITS DISCRETION IN REFUSING TO GRANT MR. EVANS' MOTION TO WITHDRAW HIS PLEA.

The District Court abused its discretion when it refused to grant Mr. Evans' motion to withdraw his plea. (A 107-115). The District Judge, without holding any hearings,  deemed Mr. Evans' plea voluntary, finding that he "failed to raise any question, let alone a significant one, about the voluntariness of his plea." (A 105). The District Judge simply labeled Mr. Evans' detailed affidavit submitted with the motion as being "bald assertions" (A 111) rather than even considering the consistent and uncontroverted historical recitations by Mr. Evans' continuous intent to not plea and to go to trial.  While a District Court has "broad discretion" in determining whether or not to allow the withdrawal of a guilty plea. *United States v. Couto*, 311 F.3d 179, 186 (2d Cir. 2002) it abused its discretion by labeling them inherently incredible and conclusory.  (A 112).

The District Court also abused its discretion by simply ignoring the factual allegations set forth by Mr. Evans as they related to his will being overborne by the actions and conduct of his attorney and the effect the constant harangue to take a plea had on his own belief that they would be able to represent him at the imminent

11

upcoming trial which they told him would be futile.   The District Court dismissed this with a comment that "there is simply no indication that defendant was unduly pressured or coerced into accepting a plea.  (A 114).   Because Mr. Evans was pushed into taking a plea on the eve of trial, and because Mr. Evans consistently maintained his innocence and desire to go to trial, a more detailed review of the issue of voluntariness of his plea was required by the District Court.   As such, Mr. Evans' plea should be withdrawn, since the District Court abused its discretion in holding otherwise.

>    **A.    Mr. Evans' former attorney pushed him into taking a plea on the eve of trial, and thus Mr. Evans' Plea was not voluntary.**

In determining whether there is a "fair and just reason" to grant a motion to withdraw a guilty plea prior to sentencing, a district court should consider: (1) whether the defendant has asserted his legal innocence; (2) the amount of time that has elapsed between the plea and the motion; and (3) whether the Government would be prejudiced by a withdrawal of the plea. *U.S. v. Rosen*, 409 F.3d 535, 543 (2d Cir. 2005) (citing Fed. R. Cr. P. 32(d), Advisory Committee Notes (1983 Amendment); *United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997)).  To obtain leave to withdraw a guilty plea, a defendant must "show fair and just reason" to do so.  Fed. R. Crim. P. 11(d)(2)(B).  "Only if the defendant makes . . . a showing [that there are valid grounds for relief] will the government be required to show prejudice, and then the court must exercise its discretion in balancing these

competing concerns." *U.S. v. Jackson, et al.*, No. 02-CR-756(LMM), 2005 WL 323715, at *2 (S.D.N.Y. Feb. 10, 2005) <u>adhered to on reconsideration sub nom,</u> *United States v. Rowe,* 02-CR-756 LMM, 2005 WL659197 (S.D.N.Y. Mar. 21,2005, (citing *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997)) (internal citations omitted). To withdraw a guilty plea, a defendant "must raise a significant question about the voluntariness of the original plea." *Rosen*, 409 F.3d at 543 (citing *Torres*, 129 F.3d at 715). "Ultimately, the issue is one of the defendant's state of mind at the time of the plea." *Jackson*, 2005 WL 323715, at *2 (S.D.N.Y. Feb. 10, 2005).

In *U.S. v. Jackson, et al.*, defendant Rowe pled guilty pursuant to a written plea agreement. *Id*. at *1-*2.  Just over three months after taking the plea, Rowe moved to withdraw it. *Id.*  Rowe also maintained his innocence.  *Id.* at *2.  While assertions of innocence alone are insufficient to vacate a plea, *see*, *e.g.*, *U.S. v. Gonzalez*, 970 F.2d 1095 (2d Cir. 1992), the district court granted defendant Rowe's plea withdrawal, concluding that "because of perceived time pressure . . . (the plea occurred after jury selection, on the first day of trial), and defendant's lack of focus . . ." there remained a "significant question about the voluntariness of the original plea." *Id*. at *2 (citing *Torres*, 129 F.3d at 715). The court also stated that "[t]he slightly more than three month delay between the plea and the motion to withdraw it can be liberally construed as "while not short, ... not excessively long."

13

*Jackson*, 2005 WL 323715, at *2 (citing Judge Schwartz's characterization of a one month delay in *United States v. Hernandez*, No. 99 Cr. 73, 2002 WL 31098505, at *5 (S.D.N.Y. Sept. 18, 2002)). The court further found no prejudice to the Government in granting the defendant's request. *Jackson*, 2005 WL 323715, at *2. Thus, the Court granted the defendant's motion and allowed him to withdraw his guilty plea.

Here, Mr. Evans has maintained his innocence from the onset of the case. While mere assertions of innocence alone are not sufficient for plea withdrawal, Mr. Evans set forth valid and just reasons to support his motion.   Mr. Evans' motion was made mere months after making the plea, after he sought leave of court for appointment of new counsel. (A 75-80).   Additionally, the District Court's opinion did not find that the Government would be prejudiced in any way by Mr. Evans' plea withdrawal. (*See generally,* Decision and Order, A 107-115). As in *Jackson*, Mr. Evans was pressured into entering the plea on the eve of trial, and he did so with a lack of focus that resulted from months of his attorney and her supervisor pressuring and haranguing him to plead guilty. From the outset, Mr. Evans was set on going to trial and not taking a plea. But after months of Ms. Schechter pushing him to enter a plea and warning that trial would be futile, and on the eve of jury selection and trial, Mr. Evans' will was overborne and he involuntarily took the plea.

14

In entering his plea, Mr. Evans answered the District Court's questions as Ms. Schechter told him to, answering "yes" to the court's questions concerning the issue of voluntariness, satisfaction with his attorney, understanding the effect of the plea, the factual basis, and the penalty he was facing. (A 77-78, ¶ 13).  With his will overborne, Mr. Evans was not in the proper state of mind to enter his plea. Based on the perceived time pressure, the impending trial, and Mr. Evans' lack of focus, the District Court should have used its discretion to find that there remained a significant question about the voluntariness of Mr. Evans' plea. The fact that the District Court ignored these factors, particularly concerning Mr. Evans' state of mind at the time of plea, shows that the court abused its discretion in denying Mr. Evans' motion and eliminating his constitutional right to a fair trial. Mr. Evans is aware of and remains prepared to accept the risk of trial.  (A 78, ¶ 20).  As such, Mr. Evans asks this Honorable Court to overturn the ruling of the District Court, vacate his plea, and allow him to proceed to trial.

## III.  THE COURT SHOULD PERMIT MR. EVANS TO WITHDRAW HIS PLEA, RESTORING MR. EVANS' CASE TO ITS PRE-PLEA POSTURE, AND GIVING MR. EVANS THE RIGHT TO APPEAL EARLIER DECISIONS OF THE DISTRICT COURT.

By allowing Mr. Evans to withdraw his guilty plea and proceed to trial, the Court will restore his right in any subsequent appeal to address the earlier adverse decisions with regard to his Motion to Suppress and Motion to Sever.   The

substantive and legal issues in those decisions cannot be the subject of this appeal, having been waived if the guilty plea is upheld.

Mr. Evans filed a Motion to Suppress and Motion to Sever on January 22, 2010. Mr. Evans sought to suppress statements made to arresting officers at the time of his arrest on September 1, 2009. In this same motion, Mr. Evans also moved the district court to sever Counts 1 through 5 from Counts 6 and 7 of the Indictment at trial, arguing that joinder was improper and that he would suffer substantial prejudice at trial if the counts were all tried together (A 4, Docket Entry # 10).

The Magistrate Judge denied both of Mr. Evans' motions. (A 4, Docket Entry # 17 and 18). Mr. Evans then appealed those decisions to the District Court, who affirmed both of the Magistrate Judge's decisions. (A 20-21; A 22-23).

By allowing Mr. Evans to withdraw his plea of guilty, this Court would restore the case to its pre-plea posture, allowing Mr. Evans to maintain and address his rights to appeal the earlier adverse and final decisions of the District Court. As such, this Court should permit Mr. Evans to withdraw his plea and move forward with these rights restored.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Evans asks this Court to reverse the decision

of the District Court for Western District of New York, allow the withdrawal of

Mr. Evans' plea of guilty and allow him to proceed to trial.


Dated:        Buffalo, New York, March 14, 2013

                                        Respectfully submitted,

                                         /s/Robert N. Convissar
                                        _____

                                        Robert N. Convissar, Esq.
                                        Attorney for Defendant-Appellant
                                        Ronald E. Evans
                                        Office and Post Office Address
                                        112 Franklin Street
                                        Buffalo, New York 14202
                                        Telephone: (716) 856-1969
                                        convissarlaw@verizon.net

STATE OF NEW YORK    )

                              )        ss.:        **AFFIDAVIT OF**

COUNTY OF NEW YORK    )                      **CM/ECF SERVICE**

       I, Kersuze Morancy, being duly sworn, depose and say that deponent is not a party to the action, is over 18 years of age.

       **On March 15, 2013**

deponent served the within: **Brief for Defendant-Appellant**

**upon:**

**JOSEPH J. KARASZEWSKI, ESQ.**
**UNITED STATES ATTORNEY'S OFFICE,**
**WESTERN DISTRICT OF NEW YORK**
***Attorney for Appellee***
**138 Delaware Avenue**
**Buffalo, New York 14202**
**(716) 843-5700**

via the CM/ECF Case Filing System. All counsel of record in this case are registered CM/ECF users. Filing and service were performed by direction of counsel.

**Sworn to before me on March 15, 2013**

/s/ Mariana Braylovskaya                     s/Kersuze Morancy

**Mariana Braylovskaya**               **Kersuze Morancy**
Notary Public State of New York
No. 01BR6004935
Qualified in Richmond County
Commission Expires March 30, 2014

Job No. 246566