MANDATE

Case: 12-4121    Document: 53    Page: 1    12/02/2013    1104577    4

12-4121-cr
United States v. Evans

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
                  *Chief Judge*,
            AMALYA L. KEARSE,
            RICHARD C. WESLEY,
                  *Circuit Judges.*
_____

UNITED STATES OF AMERICA

        *Appellee*,


        - v -                            No. 12-4121-cr

RONALD EVANS,

        *Defendant-Appellant,*

and

TASHINE KNIGHTNER,

        *Defendant.*
_____

For Appellee:                Stephen J. Baczynski, Assistant United States Attorney, *for*
                                William J. Hochul, Jr., United States Attorney for the Western
                                District of New York, Buffalo, NY.

MANDATE ISSUED ON 12/02/2013

For Defendant-Appellant:        Robert N. Convissar, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Ronald Evans appeals from a judgment of conviction entered on September 25, 2012, by the United States District Court for the Western District of New York (Arcara, *J.*) following a guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Evans contends that the district court abused its discretion by denying his motion to withdraw his guilty plea. He claims that his guilty plea was involuntary because his attorney's advice that trial would be futile caused him to lose confidence in her willingness to fight for him at trial. We hold that the district court properly exercised its discretion for two reasons.

First, the statements in Evans's affidavit baldly conflict with the statements that Evans made under oath at his plea allocution. He stated in his affidavit that his guilty plea was involuntary, but he testified to the contrary at his plea allocution. He stated in his affidavit that he had lost faith in his attorney's abilities, but he testified at his plea allocution that he was satisfied with her representation and had no complaints. Because of these contradictions, the district court did not abuse its discretion in holding that Evans's motion and supporting affidavit did not establish a valid ground for withdrawal. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea."). Nor did the district court

abuse its discretion in finding that Evans's statements do not establish a sufficient basis for the district court to hold a hearing on the matter. *See id.* ("A motion to withdraw a guilty plea may be denied without a hearing where the defendant's allegations merely contradict the record, are inherently incredible, or are simply conclusory." (internal quotation marks omitted)).

Second, even if we take the other, non-conclusory allegations in Evans's affidavit as true, those allegations do not establish that his plea was involuntary. "'Voluntary' for purposes of entering a lawful plea to a criminal charge has never meant the absence of benefits influencing the defendant to plead." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) (internal quotation marks omitted). "Indeed, the Supreme Court has instructed that, with regard to voluntariness, a guilty plea 'must stand unless induced by threats . . . , misrepresentation . . . , or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'" *Id.* (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)). Here, Evans's affidavit describes no misrepresentations or improper promises, and the only action that Evans describes as a "threat"—that his counsel "threatened [him]" that if he withdrew his plea "the Court could sentence [him] to an even longer sentence," App. at 78—was not a threat but instead advice that his attorney was ethically required to provide him. The district court consequently did not abuse its discretion for the separate reason that nothing in Evans's motion to withdraw or supporting affidavit demonstrates that his plea was involuntary.

Finally, we note that to the extent Evans contends that we should reverse the district court's denial of his motion to withdraw because he wishes to appeal earlier adverse decisions made by the district court—which now cannot be appealed because they are waived by the plea of guilty—we are unconvinced. Evans's desire to pursue a litigation tactic other than pleading

3

guilty is an insufficient ground for withdrawal of his plea.  *See United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992) ("The fact that a defendant has a change of heart prompted by his reevaluation of . . . the Government's case against him . . . is not a sufficient reason to permit withdrawal of a plea.").

    We have considered Evans's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:<br>
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy  
Catherine O'Hagan Wolfe, Clerk  
United States Court of Appeals, Second Circuit